**Paul L. SHINER, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 84–0703–C.

United States District Court,
D. Massachusetts.

May 7, 1985.

Carol Avard, Allen Rodman, P.C., Malden, Mass., for plaintiff.

Richard E. Welch, III, Asst. U.S. Atty., Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is an action brought pursuant to 42 U.S.C. § 405(g) to review a final determination of the Secretary of Health and Human Services denying claimant Paul L. Shiner's application for Social Security disability benefits.

The claimant, a 54 year old male, has been an insulation worker for thirty years and suffers from a variety of ailments, including diabetes, hypertension, asbestosis, arthritis, and shoulder and back injuries sustained in a fifteen foot fall at work. Subsequent to an administrative hearing on February 2, 1983, the Administrative Law Judge ("ALJ") found that the claimant was not entitled to a period of disability under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. § 301 *et seq.* Claimant's request for review by the appeals Council was denied on July 20, 1983. Having exhausted his administrative remedies, the claimant initiated this action which is now before the Court on the claimant's motion for summary judgment and on the Government's motion for an order affirming the Secretary.

In her opinion, the ALJ developed the claimant's medical and job history. The relevant medical and non-medical evidence is recounted in detail, and, for the most part, accurately. Following the sequential evaluation procedure set forth in 20 C.F.R. § 404.1520, the ALJ reached the following findings:

1. The claimant met the special earnings requirements of the Act on February 10, 1981, the date the claimant stated he became unable to work, and continues to meet them through December 31, 1986.

2. The claimant has not engaged in substantial gainful activity since February 1981.

3. The medical evidence establishes that the claimant has severe persistent lumbar mechanical dysfunction following compression fractures; diabetes controlled by diet; high blood pressure controlled by medication; and some evidence of asbestos-related pleural disease, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

4. Claimant does experience some pain, but it is not considered to be of disabling severity.

5. The claimant is unable to perform his past relevant work as an asbestos construction worker (20 CFR 404.1565).

6. The claimant has the residual functional capacity to perform sedentary work (20 CFR 404.1567).

7. The claimant is 54 years old, which is defined as closely approaching advanced age (20 CFR 404.156).

8. The claimant has an eleventh grade education (20 CFR 404.1564).

9. The claimant has work skills, such as ability to use hand and motor tools, eye and hand coordination, use independent judgment, inspect work, supervise and coordinate workers and inspect work for compliance to specifications which he demonstrated in past work, and which can be applied to meet the requirements of skilled or semi-skilled work functions of other work (20 CFR 404.1568).

10. Section 404.1569 of Regulations No. 4 and Rule 201.11, Table No. 1 of Appendix 2, Subpart P, Regulations No. 4, direct a conclusion that, considering the claimant's residual functional capacity, age, education, and work experience, he is not disabled.

11. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(f)).

Findings 1, 2, 3 and 5 are supported by substantial evidence in the record and may stand. Those findings establish that the claimant has met the earnings requirements of the Act, suffers from clinically demonstrable medical impairments, and is unable to perform his former work. His impairments include "severe persistent lumbar mechanical dysfunction following compression fractures; diabetes controlled by diet; high blood pressure controlled by medication; and some evidence of asbestos-related pleural disease."

Those findings numbered 4, 6, 7, 8 and 9 relate to the medical-vocational tables found in 20 C.F.R. Part 404, Subpart P, Appendix 2, which were promulgated by the Secretary for use in determining whether a claimant's residual functional capacity enables him to perform substantial gainful activity. To make this determination, the ALJ made reference to Table No. I, entitled "RESIDUAL FUNCTIONAL CAPACITY: MAXIMUM SUSTAINED WORK CAPABILITY LIMITED TO SEDENTARY WORK AS A RESULT OF SEVERE MEDICALLY DETERMINABLE IMPAIRMENT(S)." The findings numbered 6, 7, 8, and 9, when applied to this table, mandate a determination that the claimant is "not disabled." Rule 201.11, Table I.

Claimant Shiner contends, *inter alia,* that the determination that he is "not disabled" is error because the table is inapplicable to him. The thrust of his challenge is that the ALJ's finding no. 6, i.e., that the claimant has the residual functional capacity to perform sedentary work, is not supported by substantial evidence.

The evidence relative to the claimants ability to perform sedentary work is as follows. Shortly after he fell in February of 1981, Mr. Shiner sought treatment from Dr. R. Wendell Pierce, an orthopedic surgeon certified by the American Board of Orthopedic Surgery. Shiner complained of symptoms including pain in the lumbar spine with radiation of pain down the left thigh to the knee. After examination and x-rays, Dr. Pierce diagnosed the condition as a probable lumbar compression fracture and was initially of the opinion that Shiner's disability would be temporary. Claimant continued to be treated by Dr. Pierce through the spring of 1981, when Mr. Shiner developed additional symptoms including abdominal pain radiating from the back. Dr. Pierce referred Shiner to a neurologist and an internist in an attempt to determine the cause of this abdominal pain. Both the neurological and abdominal examinations revealed no abnormalities. Re-examination by Dr. Pierce in mid-April revealed that Mr. Shiner's back "moved poorly" and was limited to 50% of normal motion. X-rays revealed a healing fracture at L2 and asymmetry of facet joints. Medication and a "TENS" unit were prescribed for pain. In January of 1982 Dr. Pierce reported evidence of an L5 root irritation. On November 28, 1982, Dr. Pierce reported that Shiner still suffered from "pain around the mid and lower lumbar spine and sometimes in the sacroiliar joint regions," and that he was unable to tolerate a prescribed back brace because of abdominal pain. In Dr. Pierce's opinion, this pain disabled plaintiff from any type of physical activity. Dr. Pierce also noted that "[h]e has trouble sitting or standing for any length of time...." Dr. Pierce concluded that "he is totally disabled for any type of gainful employment and unfortunately his disability seems to be permanent at this time." In a Physical Impairment Questionnaire completed January 7, 1983, Dr. Pierce stated that in a consecutive 8-hour period Shiner would be able to sit or stand for a total of ½ hour each, and that Shiner did not have the capacity to lift any amount of weight frequently during 6 hours of an 8 hour work shift.

The only other relevant medical evidence consists of an evaluation form executed by Dr. Goulding dated April 4, 1982. This form consists of a one-page questionnaire with several boxes to be checked by the

484

evaluating physician. Only one of the boxes was checked, indicating that the claimant suffered "no significant restriction of basic work-related functions." The form contains no information regarding the basis for this opinion.

Non-medical evidence of claimant's capacity to perform sedentary work consists of a vocational evaluation by Estelle R. Hutchinson, M.S., C.R.L., and Shiner's hearing testimony. Ms. Hutchinson found that Shiner had acquired skills which were transferable to bench work occupations. She noted that Shiner felt he would not perform this type of work because he is in constant pain; he can sit, stand or walk for only ten minutes at a time, and he must lay down periodically to relieve the pain. Accordingly, Ms. Hutchinson added the caveat: "[W]hether he could perform skilled or semi-skilled bench work which allows alternative sitting and standing needs to be clarified by a physician." Ms. Hutchinson then made reference to a report by a Dr. Hyder, which was not in evidence before the ALJ, which states that Shiner would only work for four hours a day because of "degenerative changes of both knees." Ms. Hutchinson's report concludes, "[A]part from bench work occupations, there appear to be no other jobs to which Mr. Shiner could transfer his acquired work skills."

The substance of the claimant's testimony at the hearing is as follows. Mr. Shiner is able to stand only one-half hour before he feels pain and discomfort. He is able to sit only for a shorter period, it being his worst position. During questioning by the ALJ Shiner was asked if he could lift a 20 pound turkey. He responded, "If I had to, I probably could." Mr. Shiner reported that he often has the television on during the day but is unable to sit through a show without developing stomach pain.

■ Sedentary work is defined in the Secretary's own regulations as work "which involves sitting, a certain amount of walking and standing...." 20 C.F.R. § 404.1567(a). Where a person is unable to sit for long periods of time he may not have the capacity to do sedentary work. 20 C.F.R. § 404.1567(b). Similarly, where a claimant has to interrupt work done in a sitting position with periods of prone rest, a finding that he can perform sedentary work is not supported by substantial evidence. *Benko* at 704. Hence, a determination that a claimant is able to perform sedentary work "must be predicated upon a finding that the claimant can sit most of the day, with occasional interruptions of short duration." *Id.; see also Thomas v. Secretary of Health and Human Services,* 659 F.2d 8, 11 (1st Cir.1981).

■ By this standard, the facts in the record do not constitute substantial evidence in support of the ALJ's finding that Shiner is able to perform sedentary work. Aside from the medical consult form checked by Dr. Goulding who appears never to have treated or examined plaintiff, there is not a scintilla of evidence which indicates that Shiner could sit in a chair for more than one-half hour during an eight-hour shift. I note that such a consultative report from a non-examining physician cannot, by itself, constitute substantial evidence. *E.g. Browne v. Richardson,* 468 F.2d 1003, 1006 (1st Cir.1972).

Mr. Shiner's complaints of pain and discomfort contribute substantially to his inability to sit for a prolonged period. Generally, it is within the province of the Secretary to evaluate the degree of pain in light of the supporting medical evidence. *Gagnon v. Secretary of Health and Human Services,* 666 F.2d 662, 665 (1st Cir.1981). I find, however, that Mr. Shiner's allegations of disabling pain are "demonstrable by medically acceptable clinical and laboratory techniques." 42 U.S.C. § 423(d)(3), and that there is no current evidence which would tend to negate the existence of disabling pain. *See Miranda v. Secretary of Health, Education and Welfare,* 514 F.2d 996, 1000 (1st Cir.1975).

Furthermore, sedentary work often involves some lifting. 20 C.F.R. § 404.-1567(a). The pertinent medical evidence is that Shiner has very limited lifting capability and should, in fact, refrain from any

lifting at all. Shiner's statement that he could "probably" lift 20 pounds once, if he "had to" is only marginally probative of his ability to lift and carry throughout the workday.

Thus, the record necessitates a conclusion that the ALJ's finding of residual functional capacity to perform sedentary work is not supported by substantial evidence. Accordingly, I rule that the Secretary's decision should be reversed.

Order accordingly.

### ORDER

In accordance with memorandum filed this date, it is ORDERED:

1. The plaintiff's motion for summary judgment is granted.

2. The decision of the Secretary is reversed.

3. The Secretary is ordered to provide plaintiff, Paul L. Shiner, with the disability insurance benefits to which he is entitled as a result of a period of disability commencing February 10, 1981.

4. The defendant's motion for an order affirming the final decision of the Secretary is denied.