21 F.3d 419
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Kenneth GENTLE, Plaintiff, Appellant,
v.
Donna E. SHALALA, Secretary of Health & Human Services,
Defendant, Appellee.
 No. 93-2160
 United States Court of Appeals, First Circuit.
 March 28, 1994.
 
 Appeal from the United States District Court for the District of Massachusetts
 Sandra L. Smales, on brief for appellant.
 Donald K. Stern, United States Attorney, Charlene A. Stawicki, Assistant United States Attorney, and Jessie M. Klyce, Assistant Regional Counsel, Region I, Department of Health and Human Services, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Breyer, Chief Judge, Cyr and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant/claimant Kenneth Gentle appeals the affirmance by the district court of the denial by the Secretary of Health and Human Service of his application for disability insurance benefits and supplemental security income. Gentle, who has a long history of drug and substance abuse, sustained a work related injury to his lower back in 1989. After the Social Security Administration denied his request for benefits, a hearing was conducted before an Administrative Law Judge [ALJ] in 1991. The ALJ determined that medical evidence established that claimant had "severe chronic low back pain, a history of substance abuse, and a borderline personality disorder." Applying the sequential analysis set forth in 20 C.F.R. Secs. 404.1520, see also Goodermote v. Secretary of Health and Human Services, 690 F.2d 5, 6-7 (1st Cir. 1982), the ALJ found that these conditions constituted a severe impairment but were not deemed to be presumptively disabling since they did not meet or equal any impairment found in the Listings of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ also determined that, in light of these impairments, Gentle could not perform his past work. However, the ALJ did find that Gentle retained the "residual functional capacity for the full range of sedentary work ... reduced [only] by a need to alternate between sitting or standing." A vocational expert [VE] identified various skilled and semi-skilled jobs which could be performed sitting or standing at will. Based on Gentle's exertional capacity for sedentary work, as well as his age, education and work experience, "in conjunction with claimant's non-exertional impairments," the ALJ concluded that Gentle was "not disabled" and could perform the semi-skilled and unskilled jobs the VE had identified. We review this decision only to determine whether it is supported by substantial evidence in the record as a whole. 42 U.S.C. Sec. 405(g); Irlanda Ortiz v. Secretary of Health & Human Services, 955 F.2d 765, 769 (1st Cir. 1991).
 
 
 2
 Gentle argues first that the ALJ erred in relying on an incorrect definition of sedentary work in her determination that he was not disabled. According to Gentle, sedentary work requires the ability to sit for long period of times, whereas the ALJ found that Gentle was required to alternate between sitting and standing. Gentle relies in particular on Social Security Ruling [SSR] 83-12, which states, in part, that an individual who must alternate between sitting and standing is "not functionally capable of doing ... the prolonged sitting contemplated in the definition of sedentary work." See also Rosado v. Secretary of Health and Human Services, 807 F.2d 292, 293 (1st Cir. 1986) (quoting Shiner v. Heckler, 608 F. Supp. 481, 484 (D. Mass. 1985) (quoting Benko v. Schweiker, 551 F. Supp. 698, 704 (D. N.H. 1982))) (" 'a determination that a claimant is able to perform sedentary work "must be predicated upon a finding that the claimant can sit most of the day, with occasional interruptions of short duration" ' "). He further notes that the ALJ found him capable of performing semi-skilled and unskilled jobs. Yet, according to SSR 83-12, "[u]nskilled jobs are particularly structured so that a person cannot ordinarily sit or stand at will."
 
 
 3
 Gentle's argument is misdirected. The ALJ did not find that Gentle could do a full range of sedentary work. Rather, she found that Gentle was not disabled because he could do the jobs the VE had identified. Moreover, in making this finding, the ALJ followed the directives of SSR 83-12. In a situation like Gentle's where a claimant needs to alternate positions, SSR 83-12 requires the ALJ to determine, through the evidence of a VE, whether sufficient jobs within a claimant's limited range of sedentary work are available. See SSR 83-12 ("In cases of unusual limitation of ability to sit or stand, a[VE] should be consulted to clarify the implications for the occupational base."). Similarly, the reference in SSR 83-12 to unskilled jobs' not "ordinarily" allowing for such alteration seems to invite VE testimony as to specific jobs the claimant could perform. In the instant case, the ALJ specifically asked the VE to list "unskilled jobs where you could sit or stand at will." In response, the VE listed several types of jobs that could be performed by a person with claimant's need to alternate between sitting and standing. The procedure outlined in SSR 83-12 was followed. We find no error in the ALJ's determination that Gentle's exertional impairments did not prevent him from performing sedentary jobs allowing for alteration of position.[1]
 
 
 4
 Gentle's second contention is that the ALJ erred in implicitly finding that his nonexertional impairments-his personality disorder and drug abuse-did not significantly limit the range of sedentary work which he could perform. While the issue is close, we find no error in the ALJ's determination.
 
 
 5
 Unskilled work of the sort Gentle was found capable of performing requires, inter alia, the "ability to cope with the demands of any work environment." Irlanda Ortiz, 955 F.2d at 770; see also SSR 85-15 (listing mental requirements for unskilled work). Medical evidence was presented which indicates that Gentle's potential occupational base was at least marginally eroded by impairments affecting his ability in this area. First, a report by Dr. Daniels, the Secretary's consultative, non-examining psychiatrist, found that Gentle was moderately limited in his ability (1) to interact appropriately with the general public; (2) to accept instructions and respond appropriately to criticism from supervisors; and (3) to get along with coworkers or peers without distracting them or exhibiting behavior extremes. Dr. Daniels also found that Gentle had a "moderate" degree of difficulty in maintaining social functioning and a "history of personality problems with difficulty relating to others esp[ecially] authority figures and esp[ecially] under stressful circumstances." Similarly Dr. Shea, Gentle's treating clinical psychologist, found that he had "a long history of difficulty in interpersonal relationships that have been characterized by defensiveness, argumentativeness, demandingness and combativeness especially while substance abusing." Both Dr. Daniels and Dr. Shea noted that substance abuse had been an ongoing problem for Gentle.
 
 
 6
 This evidence of moderate limitations in coping with others arguably would have supported a conclusion that Gentle's mental impairments were significant and affected his capacity for the jobs which he was otherwise capable of performing. Nevertheless, other evidence supports the ALJ's determination that these impairments did not significantly reduce Gentle's residual capacity for unskilled work. In such circumstances, the Secretary's decision must be upheld. Irlanda Ortiz, 955 F.2d at 770.
 
 
 7
 Dr. Daniels found that although Gentle had moderate difficulty in maintaining social functioning, he had never had any episodes of deterioration or decompensation in a work or work-like setting. More importantly, Dr. Shea, with whom Gentle had been undergoing therapy for over five years, found that Gentle's difficulties in interpersonal relationships and his problems with substance abuse had improved with treatment. Even though some of the problems had begun to reemerge after Gentle's injury in 1989, Dr. Shea anticipated that "with adequate program and vocational rehabilitation including job placement ... [Gentle] would be able to function both in vocational and social roles more adequately than at present." (Emphasis added). In Dr. Shea's opinion, should Gentle not regain "some vocational stability including full time employment," he had a high risk of suffering further deterioration in his interpersonal difficulties and of returning to a pattern of substance abuse. In other words, Gentle's own treating psychologist not only found him capable of returning to employment but even found that a failure to return to work would likely be psychologically harmful to him. In light of this evidence, the Secretary did not err in determining that Gentle's nonexertional mental impairments did not preclude him from being able to perform the jobs the VE had identified. See id. (even though evidence showed claimant was moderately limited in ability to cope with work environment, no error in finding claimant able to perform full range of sedentary work since other evidence supported conclusion that claimant's capacity for full range of such work was not significantly reduced).
 
 
 8
 Affirmed.
 
 
 
 [1]
 Our decision in Rosado is distinguishable in that in Rosado there was no evidence from a vocational expert as to the range of the work the claimant could perform