Miguel A. ROSADO, Plaintiff, Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.

No. 86-1264.

United States Court of Appeals, First Circuit.

Submitted Sept. 12, 1986.

Decided Dec. 19, 1986.

Salvador Medina De La Cruz, Rio Piedrars, P.R., on brief, for plaintiff, appellant.

Donna J. Fuchsluger, Office of General Counsel, Social Sec. Div., Dept. of Health and Human Services, Baltimore, Md., Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., Donald A. Gonya, Chief Counsel for Social Sec., Randolph W. Gaines, Deputy Chief Counsel for Social Sec. Litigation and A. George Lowe, Chief, Disability Litigation Branch, Baltimore, Md., on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, BREYER and TORRUELLA, Circuit Judges.

PER CURIAM.

Claimant Miguel Rosado filed an application for Social Security disability benefits on April 8, 1983 alleging back problems, pain, and a nervous condition. After a hearing, the ALJ found claimant not disabled. The ALJ conceded that claimant had a severe impairment or impairments that precluded his return to his former work, but found that claimant retained the residual functional capacity to perform sedentary work. The ALJ evaluated claimant's non-exertional impairments (pain and anxiety) and found that they did not significantly affect his ability to perform the full range of jobs requiring sedentary work. Accordingly, the ALJ applied Rule 201.18 of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the grid") to reach a finding of not disabled. After the Appeals Council denied claimant's request for review of the ALJ's decision, claimant appealed to the district court, which affirmed the Secretary. On appeal to this court, claimant contends that the Secretary misapplied the grid and that the Secretary's decision is not supported by substantial evidence. We agree, and vacate and remand for further proceedings.

■ As an initial matter, claimant argues that we should review not only the Secretary's denial of claimant's April 8, 1983 application for benefits, but also an ALJ's October 15, 1982 decision to terminate, effective October 1981, the benefits claimant previously had received since December 15, 1967. However, the termination decision is not subject to judicial review, since claimant did not seek Appeals Council review of the termination decision and, accordingly, failed to exhaust his administrative remedies. *Wilson v. Secretary of Health and Human Services*, 671 F.2d 673, 677 (1st Cir.1982). Claimant has alleged no circumstances that could justify waiver of the exhaustion requirement in this case.

Claimant further argues that, since his instant reapplication for benefits alleged disability since 1967 (not merely since 1981, as of when claimant's previous benefits were terminated), claimant's reapplication implicitly requested reopening of the termination decision. According to claimant, the ALJ in the instant case agreed to reopen the termination decision and then implicitly upheld the termination, so that claimant now can seek judicial review of that finding. However, claimant's reapplication for benefits did not expressly request reopening and cannot reasonably be read to implicitly request it. The ALJ's opinion, contrary to claimant's assertion, simply cannot be read to deal with the termination decision. Accordingly, we now review only the Secretary's denial of claimant's April 8, 1983 application for benefits.

■ Turning to the merits, we do not find substantial evidence in the record to support the Secretary's determination that claimant's exertional limitations (his back problems) permit him to perform sedentary work. The record contains only one instance in which an examining physician addressed the question of claimant's residual functional capacity in relevant, nonconclusory detail. Dr. Davila, a neurosurgeon who evaluated claimant at the request of claimant's attorney, found the following exertional impairments: S/P lumbar laminectomy L3 L4, residual lumbar spasms, chronic cerviculum fibrositis, and S/P left arm dislocation. He concluded that claimant "cannot [be] seated, standing up or walking for more than 1 hour, or carry or lift any weight exceeding 6 to 8 lbs.... He cannot bend, he cannot kneel, he cannot walk on his toes nor on his heels."

By contrast, the governing regulations define sedentary work as involving "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). *See Shiner v. Heckler*, 608 F.Supp. 481, 484 (D.Mass.1985) (quoting *Benko v. Schweiker*, 551 F.Supp. 698, 704 (D.N.H.1982)) ("a determination that a claimant is able to perform sedentary work 'must be predicated upon a finding that the claimant can sit most of the day, with occasional interruptions of short duration.'"). Dr. Davila's findings suggest that claimant cannot sit most of the day on the job and cannot lift 10 pounds.

Other medical findings in the record merely diagnose claimant's exertional impairments and do not relate these diagnoses to specific residual functional capabilities such as those set out in 20 C.F.R. § 404.1567(a). (The conclusory judgment of a non-examining physician, Dr. Anduze, that claimant's "condition is considered slight" is of no help in specifically assessing claimant's capacity for sedentary work). These bare medical findings are unintelligible to a lay person in terms of residual functional capacity. The ALJ, therefore, is not qualified to make that connection himself. *See Berrios v. Secretary of Health and Human Services*, 796 F.2d 574, 576 (1st Cir.1986); *Perez Lugo v. Secretary of Health and Human Services*, 794 F.2d 14, 15 (1st Cir.1986). By disregarding the only residual functional capacity evaluation in the record, the ALJ in effect has substituted his own judgment

for uncontroverted medical opinion.  This he may not do.  *Calderon Nieves v. Secretary of Health and Human Services,* 775 F.2d 12, 14 (1st Cir.1985); *Carrillo Marin v. Secretary of Health and Human Services,* 758 F.2d 14, 16 (1st Cir.1985); *Suarez v. Secretary of Health and Human Services,* 740 F.2d 1, 1 (1st Cir.1984).  Since it is the Secretary's burden at step 5 of the sequential evaluation process to show that there are jobs in the economy that claimant can perform, *Goodermote v. Secretary of Health and Human Services,* 690 F.2d 5, 7 (1st Cir.1982); *Vazquez v. Secretary of Health and Human Services,* 683 F.2d 1, 2 (1st Cir.1982), the Secretary cannot rely on a presumption of sitting ability sufficient to do sedentary work.  *Benko v. Schweiker,* 551 F.Supp. 698, 705 (D.N.H.1982).

We conclude, therefore, that there is insufficient evidence to support the Secretary's determination that claimant can perform sedentary work.  Accordingly, we remand to the Secretary so that he may obtain and consider additional evidence regarding claimant's residual functional capacity to perform sedentary work.

The judgment of the district court is vacated and the case is remanded to the district court with instructions to remand to the Secretary for further proceedings consistent with this opinion.