USCA1 Opinion

 

 July 17, 1992 [NOT FOR PUBLICATION] ___________________ No. 91-2278 RAFAEL HERNANDEZ-TORRES, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen C. Cerezo, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Selya, Circuit Judge. _____________ ___________________ Luis Vizcarrondo Ortiz on brief for appellant. ______________________ Daniel F. Lopez Romo, United States Attorney, Jose Vazquez _____________________ ____________ Garcia, Assistant United States Attorney, and Joseph E. Dunn, ______ ______ ____ Assistant Regional Attorney, Office of the General Counsel, Department of Health and Human Services, on brief for appellee. __________________ __________________ Per Curiam. Plaintiff appeals from a district court ___________ decision affirming a final decision of the Secretary of Health and Human Services that appellant did not meet the disability requirements of the Social Security Act for purposes of obtaining disability insurance benefits. Because we find substantial evidence to support the denial, we affirm the district court. Appellant's application for disability insurance benefits alleged an inability to work due to chronic bronchial asthma from October 30, 1985 through December 31, 1988 (when he last met the disability insured status requirements of the Act). Both his initial application and an application for reconsideration were denied. After an oral hearing on February 23, 1990, an Administrative Law Judge ("ALJ") also denied appellant's application on the grounds that appellant was able to perform several jobs which existed in significant numbers in the national economy. The Appeals Council denied the claim and the district court affirmed. Appellant's past relevant work had been as a baker and bakery supervisor from 1958 to 1982 when, he testified, he had to stop working because of frequent asthma attacks. He returned to work as a baker for two months in 1985 but was again forced to quit by asthma attacks. His condition has been repeatedly diagnosed as bronchial asthma related to flour use in the bakery and other allergens. He has also 2 been diagnosed as suffering from chronic allergic rhinitis and mild chronic obstructive lung disease. Under Section 205(g) of the Social Security Act as amended, 42 U.S.C. 405(g), our standard of review is whether the Secretary's findings are supported by "substantial evidence." Although the record may arguably support more than one conclusion, we must uphold the Secretary, "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Ortiz v. Secretary of Health & Human Servs., _____ ____________________________________ 955 F.2d 765, 769 (1st Cir. 1991) (quoting Rodriguez v. Secretary of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)); see also Rodriguez Pagan v. Secretary of Health ________ _______________ ____________________ & Human Servs., 819 F.2d 1,3 (1st Cir. 1987), cert. denied, ______________ ____________ 484 U.S. 1012 (1988). The ALJ considered appellant's testimony, the testimony of a vocational expert, and appellant's medical records. Using the five-step sequential evaluation process required by 20 C.F.R. 404.1520(a), 416.920, the ALJ found as follows: (1) Appellant had not engaged in substantial gainful activity since the alleged onset date. (2) Appellant's asthma imposed significant non-exertional limitations on his capacity to perform work-related activities because he must avoid "dust, fumes, dies, ink, marked changes in temperatures, flour and other allergents [sic]." (3) Appellant's impairment does not 3 meet or equal the severity of any listed impairment deemed presumptively disabling in Part 404, Subpt. P, Appendix 1 of the Regulations. (4) Appellant's condition prevents him from performing his past relevant work of baker. (5) Appellant nevertheless has sufficient residual capacity to perform some substantial gainful activities within the national economy. Appellant challenges the ALJ's findings in steps three and five. As to step three, appellant bore the burden of proving that his condition met or equalled the level of severity required for presumptive disability status. 20 C.F.R. 404.1512; see Cruz Rivera v. Secretary of Health & ___ ____________ ______________________ Human Servs., 818 F.2d 96, 97 (1st Cir. 1986) (claimant must _____________ prove that disability existed during insured period); Goodermote v. Secretary of Health & Human Servs., 690 F.2d 5 __________ __________________________________ (1st Cir. 1982) (implying that claimant bears burden of proving three threshold steps). The record supports the ALJ's decision that appellant did not prove a condition of the severity level required for a step three finding in his favor. First, appellant's medical records showed that his pulmonary function tests exceeded the minimum levels established in connection with chronic pulmonary insufficiency under Section 3.02A and 3.03A of Appendix 1 (T 148, 199, 201). Second, appellant's doctors' reports did not substantiate his claim that he met the alternate criteria set 4 forth in Section 3.03 for a finding of presumptive disability: (1) "severe attacks" on an average of six times a year requiring "intensive treatment such as intravenous drug administration or inhalation therapy in a hospital or emergency room," coupled with (2) "prolonged expiration with wheezing or rhonchi on physical examination between attacks." Sections 3.03B and 3.00C of Appendix 1. The medical records reflected relatively few emergency visits during the period,1 and reports of intervening doctors' examinations did not indicate the requisite degree of severity. Two pneumologists, one of whom had monitored appellant since 1982, evaluated appellant's condition within the "moderate" range.2 A third diagnosed a "moderate to ____________________ 1. Appellant's brief points to four or five visits claimed to be emergencies during the insured period, October, 1985 through December, 1988 (App. Br. at 5-6). These visits occurred over a 12 to 15 month period and are thus too few to meet the frequency required by the regulations. (We have relied upon appellant's count because the record before us is partly illegible, making it difficult to determine which of the hand-written medical notations were of emergencies and which involved evaluative visits. (T 119-123; T 134-139)). 2. On May 24, 1988, Dr. Ortiz Vega diagnosed chronic bronchial asthma, moderate degree, chronic allergic rhinitis and "mild" chronic obstructive lung disease. He found no rales or rhonchi (T 145-46), although those symptoms were reported on other occasions. Dr. Leon, who had followed appellant since 1982, described his condition on April 19, 1989 as showing "no acute respiratory distress". He noted "expiratory wheezes...only when not speaking." (T 150). 5 severe airflow impediment" and "mild hypoxemia,"3 which did not improve after inhalation of bronchodilators on that occasion, but apparently did respond to treatment later. (T 136-139). The records also show that appellant has a benign lung nodule, but it has not caused any apparent complications. (T 197). Appellant's own testimony was the only evidence which directly supported appellant's claim to the frequency and severity of attacks required by Sections 3.00C and 3.03B. He testified that he suffered debilitating asthma attacks at home as often as two or three times per week lasting two or more days each. Appellant said that he treated these attacks with self-administered oral medication and inhalants which afforded only mild relief; and the slightest exertion caused him to "asphyxiate." (T 24-33). Appellant reported a similar history to the examining doctors, but their recorded diagnoses did not bolster his claim. We have indicated that the criteria of Section 3.00C may be met by a showing of frequent emergency asthma treatment, even where the treatment occurs at home and in a ____________________ 3. "Hypoxemia" is defined as "deficient oxygenation of the blood," Dorland's Illustrated Medical Dictionary at 717 (1965). Dr. Dexter, to whom appellant had been referred by the State Insurance Fund ("SIF") in March, 1987, reported, too, that appellant suffered "decreased forced expiratory flows at all lung volumes.(T 201). The SIF awarded appellant a 15% disability in 1982, and increased it to 35% in 1984. (T 185). Appellant says that the SIF award him a 100% disability in 1987. The record is murky. (T 183-86, 191-96). 6 doctor's office, rather than in a hospital. Martinez Nater ______________ v. Secretary of Health & Human Servs., 933 F.2d 76 (1st Cir. ___________________________________ 1991). Here, however, the ALJ's decision did not turn on where appellant's attacks occurred, but on whether the attacks occurred with the frequency and severity appellant claimed. Since the medical evidence was at best silent on that question, resolution of the issue required an assessment of appellant's credibility. Conflicts in evidence and credibility issues "are for the Secretary -- rather than the courts -- to resolve." Evangelista v. Secretary of Health & ___________ ______________________ Human Servs., 826 F.2d 136, 141 (1st Cir. 1987); see _____________ ___ Richardson v. Perales, 402 U.S. 389, 399 (1971). Here, as in __________ _______ Frustaglia v. Secretary of Health & Human Servs., 829 F.2d __________ ____________________________________ 192 (1st Cir. 1987), the ALJ, who "questioned appellant regarding his daily activities.... evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence, is entitled to deference, especially when supported by specific findings." Id. at 195 (holding that ALJ'S ___ findings regarding severity of claimant's pain were supported by substantial evidence). For similar reasons, we affirm the ALJ'S finding as to the fifth step. Since the ALJ found that appellant's condition precluded a return to his past work, the Secretary bore the burden of showing that appellant retained the capacity to perform a different kind of job available in the 7 national economy. 42 U.S.C. 423(d)(2)(A); 20 C.F.R. 404.1520(f)(1); Rosado v. Secretary of Health & Human ______ _______________________________ Servs., 807 F.2d 292, 294 (1st Cir. 1986). Holding that this ______ burden had been met, the ALJ relied upon the testimony of a vocational expert and a residual capacity assessment performed by Dr. Vincente Sanchez in June, 1989. Dr. Sanchez had found that appellant retained all sensory and motor skills, and the physical capacity to lift and carry moderate weights, sit, stand and walk for 6 hours each day. (T 115).4 The vocational expert testified that, assuming the capacity reported, appellant's age (46 to 49 years old), high school level education, work history, and non-exertional limitations, appellant could perform sedentary, non-skilled jobs in the "cleaner" industries located in Puerto Rico. The expert identified two such jobs in the electronic industry employing a total of more than 1600 persons in Puerto Rico, 265 of them in appellant's area. (T 43-46). Appellant urges that the ALJ erred in relying on the vocational expert's opinion given in response to the ALJ's hypothetical question. The ALJ's hypothetical assumed that appellant had a residual capacity for light work. (T 44-45). Appellant says that the ALJ should have relied instead on the expert's answer to appellant's hypothetical, which assumed ____________________ 4. An earlier residual capacity assessment concluded that appellant had no physical limitations, only environmental restrictions. (T110-111). 8 that appellant's asthma attacks were as frequent and severe as appellant had described. (T 52). But this argument, too, merely invites us to redetermine appellant's credibility, a matter necessarily committed to the ALJ. Evangelista, 826 ___________ F.2d at 141. The ALJ gave express consideration to appellant's testimony regarding shortness of breath and fatigue. He simply found the expert clinical and vocational evaluations more credible. (T 11). Compare with appellant's _______ argument here, the holding in Rosado, 807 F.2d at 293 (error ______ for ALJ to disregard only residual functional capacity test in record, in effect substituting his own judgment for uncontroverted medical opinion that concluded that claimant could not perform sedentary work). On the record, there was substantial evidence to support the ALJ's conclusion as to step five. Finally, appellant argues for the first time on appeal that even if there are jobs available in the economy which he might hypothetically perform, appellant does not "live in a bubble." He urges that given the existence of dust, allergens and pollutants in the environment generally, he is unable to travel to any job, anywhere. This argument seems to be directed at the ALJ's finding in step three, a matter as to which appellant bore the burden of proof. 20 C.F.R. 404.1512. 9 See Lopez Diaz v. Secretary of Health, Educ. & Welfare, 585 ___ __________ _____________________________________ F.2d 1137 (1st Cir. 1978) (when claimant asserts his disabilities make it impossible for him to move from home to work his claim is not a statutorily irrelevant commuting problem extrinsic to issue of disability, but instead a direct consequence of disability). None of the medical evidence before the ALJ suggested that appellant was unable to travel to any workplace, nor did appellant's counsel direct any questions about travel restrictions to appellant or the vocational expert. We see no reason to remand for consideration of a travel issue now. Appellant points to no new evidence, just a new argument based on the same evidence. And he has offered no "good cause" for his failure to raise the issue below. Evangelista, 826 F.2d at 139-43 (remand is indicated only if ___________ further evidence is necessary to develop the facts fully and there is "good cause" justifying appellant's failure to present the evidence to the ALJ.) For the reasons stated, the judgment of the district court is affirmed. ________ 10