February 19, 1993 [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1896

SONIA SANTOS RIVERA,

Plaintiff, Appellant,

v.

SECRETARY OF HEALTH & HUMAN SERVICES, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Raymond L. Acosta, U.S. District Judge]

Before

Breyer, Chief Judge,

Selya and Cyr, Circuit Judges.

Salvador Medina De La Cruz on brief for appellant.

Daniel F. Lopez Romo, United States Attorney, Jose Vazquez

Garcia, Assistant United States Attorney, and Amy S. Knopf,

Assistant Regional Counsel, Department of Health and Human
Services on brief for appellee.

Per Curiam. This appeal is from a judgment of the

district court affirming a final decision of the Secretary of

Health and Human Services ("Secretary") that appellant did

not meet the disability requirements of the Social Security

Act.

Appellant's application for disability benefits alleged

an inability to work beginning May 16, 1988 due to a

combination of chest pain and mental disability. Her

application was initially denied, appealed and denied again.

A de novo hearing was held before an Administrative Law Judge

["ALJ"] on July 10, 1990. On July 30, 1990, the ALJ found

that appellant had a residual functional capacity for certain

unskilled light work jobs which exist in significant numbers

in the economy, and so was not under a disability as defined

in the Act. The Appeals Council denied appellant's request

for review. On appeal to the district court, the case was

assigned to a magistrate-judge who found that the Secretary's

decision was based on substantial evidence and recommended

affirmance. The district court adopted the magistrate's

report and recommendation, affirming the Secretary's decision

on May 11, 1992. We affirm. Appellant was 45 years old

at the time of the hearing. She had completed the third year

of high school. Her immediate past relevant work experience

was as a welder/solderer in the electronics industry, a

-2-

position she had held for ten years prior to the onset of her

illness.

Appellant was diagnosed as suffering from chest pain and

moderate to severe depression. To qualify for benefits under

the Act, appellant bore the burden of proving that by reason

of one, or a combination of these conditions, she had an

"inability to engage in any substantial gainful activity due

to ... impairment(s) which can be expected to result in death

or last for a continuous period of not less than 12 months

.... " 42 U.S.C. 423(d)(1)(A); 42 U.S.C. 416(i)(1); 20

C.F.R. 404.1505; Bowen v. Yuckert, 482 U.S. 137, 140

(1987); McDonald v. Secretary of HHS, 795 F.2d 1118 (1st Cir.

1986).

The ALJ considered appellant's testimony, the testimony

of a vocational expert ("VE"), and appellant's medical

records. Using the five-step sequential evaluation of the

evidence required by 20 C.F.R. 404.1520, 404.1520a, the

ALJ found that appellant's impairments were severe but did

not, alone or in combination, equal the severity level of any

listed impairment. 20 C.F.R. Part 404, Subpart. P, Appendix

1. Appellant's chest pain, however, was found to prevent her

from returning to her past relevant work.

Appellant does not dispute the above findings. She

takes issue, however, with the ALJ'S finding at step five,

that despite her combination of conditions, she has a

-3-

residual functional capacity to engage in unskilled light

work jobs which allow for alternating physical positions. See

20 C.F.R. 404.1545. Appellant's objection is not based on

the existence or numbers of such jobs in the national

economy, only the extent to which the evidence supports a

finding that she is capable of performing such work. The

Secretary bore the burden of proof on this issue. 20 C.F.R.

404.1520(f)(1); Rosado v. Secretary of HHS, 807 F.2d 292,

294 (1st Cir. 1986).

Our standard of review is whether the Secretary's

findings are supported by "substantial evidence." Although

the record may arguably support more than one conclusion, we

must uphold the Secretary, "if a reasonable mind, reviewing

the evidence in the record as a whole, could accept it as

adequate to support his conclusion." Ortiz v. Secretary of

HHS, 955 F.2d 765, 769 (1st Cir. 1991) (quoting Rodriguez v.

Secretary of HHS, 647 F.2d 218, 222 (1st Cir. 1981)); see

also Richardson v. Perales, 402 U.S. 389, 401 (1971).

Resolutions of credibility issues and conflicts in the

evidence are for the Secretary, not the courts. Ortiz, 955

F.2d at 769; Evangelista v. Secretary of HHS, 826 F.2d 136,

141 (1st Cir. 1987). Where the facts permit diverse

inferences, we will affirm the Secretary so long as the

inferences drawn are supported by the evidence. Rodriguez

Pagan v. Secretary of HHS, 819 F.2d 1, 3 (1st Cir. 1987),

-4-

cert. denied, 484 U.S. 1012 (1988); Lizotte v. Secretary of

HHS, 654 F.2d 127, 128 (1st Cir. 1981).

There was ample medical evidence in the record to

support the ALJ's conclusion regarding appellant's physical

capacities. Appellant's chest pain was not attributed to any

major cardiac impairment, hypertension or end organ damage,

but it did require her to avoid strenuous activities.

Objective medical reports described her pain as episodic and

controlled by small doses of medication. After evaluating

appellant's subjective complaints of pain in light of the

factors set forth in Avery v. Secretary of HHS, 797 F.2d 19

(1st Cir. 1986), the ALJ fairly concluded that despite her

chest condition, appellant is physically capable of the

exertions required by light and sedentary work, so long as

she is permitted to alternate positions occasionally.

There was also sufficient evidence that despite some

mental impairment attributable to major depression, appellant

retained the mental capacity to perform unskilled jobs in the

light and sedentary work categories. The medical records

showed that appellant has been treated with medications, on

an out-patient basis, at the Coamo Mental Health Center since

November, 1988. Reports from Dr. Vivian R. Bonilla, a

psychiatrist who saw appellant on two occasions, described

her as alert, oriented, coherent, spontaneous, logical and

goal directed in her responses. Both Dr. Bonilla, and a

-5-

consulting psychiatrist, Dr. Hector Luis Rodriguez, found no

significant limitations on appellant's memory, ability to

understand and carry out short and simple instructions, ask

simple questions, set realistic goals, and respond

appropriately to changes in the work setting. In addition,

two state agency physicians, on review of appellant's medical

records, concluded that she could carry out simple

instructions, maintain a normal workweek, respond to

supervisors and co-workers and interact with the public.

The VE opined, in answer to a hypothetical summarizing

the above evidence, that appellant could not return to her

prior job of welder because the job's high production

requirements did not permit appellant to alternate positions

with the frequency required. However, the VE identified

several unskilled light work jobs which allow this

flexibility, and which can be performed by a person of

appellant's age, education and work experience suffering from

moderate mental limitations. The VE's answer assumed limited

abilities to understand, remember, concentrate, interact and

work near others, accept instruction, be punctual, etc. The

jobs he identified included hand classifier, garment folder

and hand trimmer.

Appellant contends that the ALJ erred in relying on the

VE's testimony described above. Instead, appellant says, the

ALJ should have based his decision on the VE's later answer

-6-

to a hypothetical posed by appellant's attorney. Appellant's

hypothetical asked the VE whether appellant could perform the

identified jobs if the VE "gave credibility to the content of

Exhibit 21 and the residuals accompanying it." Exhibit 21

appears to have been a copy of Dr. Bonilla's "Mental Residual

Functional Capacity Assessment." The VE's answer was in the

negative.

Appellant argues that the ALJ was required to accept the

VE's response to the latter question as "controlling" because

it was based on the opinion of a doctor described as a

"treating" psychiatrist. This argument is an apparent

reference to a recently promulgated regulation, 20 C.F.R.

404.1527 (1991), which describes the manner in which the

Secretary weighs medical evidence of disability. One part

provides:

Generally we give more weight to opinions from your
treating sources .... If we find that a treating
source's opinion on the issue(s) of the nature and
severity of your impairments is well supported by
medically acceptable clinical and laboratory
diagnostic techniques and is not inconsistent with
other substantial evidence in your case record, we
will give it controlling weight. When we do not
give ... controlling weight, we will apply [other
factors] in determining [its] weight ... We will
always give good reasons in our ... decision for
the weight we give your treating source's opinion.

20 C.F.R. 404.1527(d)(2).

The regulation is thus neither as delimiting nor

inflexible as appellant's argument suggests. It does not

mandate assignment of some unvarying weight to every report

-7-

in every case. The ALJ is not required automatically to give

controlling weight to any "treating" doctor's report,

denominated as such. In some cases "controlling weight" may

be assigned if the report meets the specified qualifications,

and is not inconsistent with other substantial evidence. In

other cases, the weight of a treating source's report is

further evaluated in light of the many factors articulated

throughout the remainder of the rule. See 20 C.F.R.

404.1527(d)(1)-(6). And in any event, the "controlling

weight" language is relevant only to those medical opinions

which the regulations elsewhere define as originating from a

"treating" source. That term, too, is not static. As

defined in 20 C.F.R. 404.1502, and further refined in

404.1527(d)(2)(i)(ii), it refers to a physician or

psychologist with whom the applicant has an "ongoing

treatment relationship," as determined by the type, frequency

and quality of doctor-patient contact in light of its

consistency with accepted medical practice for the particular

condition. In all cases, the responsibility for determining

whether the statutory definition of disability has been met

is reserved to the Secretary. 20 C.F.R. 404.1527(e).

We need not reach the Secretary's argument that Dr.

Bonilla is not properly defined as a "treating" doctor

because we think that appellant exaggerates the record in

reaching an issue under this regulation. We do not read the

-8-

ALJ's decision as rejecting Dr. Bonilla's opinion, nor as

according its relevant portions any less than full weight.

Since Dr. Bonilla's opinion was, for the most part, entirely

consistent with the other medical evidence, and was among the

opinions cited by the ALJ as cumulatively informing his

decision, there was no occasion redundantly to describe the

weight assigned to this part of Dr. Bonilla's opinion as

"controlling," or otherwise.

Moreover, as to the "Mental Residual Functional

Capacity Assessment," it appears to us that what the ALJ

rejected was not Dr. Bonilla's conclusions, but appellant's

interpretation of both the assessment and the VE's answer to

appellant's hypothetical. The VE's response was ambiguous

due to the question posed. The hypothetical did not specify

facts, but simply asked the VE to assume as a basis the

entire, multi-faceted, three-page exhibit. It is thus not

clear how the expert understood the question, or which of its

multiple facts he was relying upon in his answer. The VE's

answer mentioned the "physical demands" of a job, a term

which does not even appear in the exhibit. And appellant's

follow-up question, which included, as an additional

predicate, appellant's subjective complaints of pain,

headaches, and the like, did not help to clarify any

objective basis for the first answer.

-9-

The ALJ interpreted Dr. Bonilla's assessment as

reflecting that appellant suffered only insignificant or

moderate degree limitations in the mental abilities required

for the simple tasks in the unskilled job category. It is

true the assessment also recited some "markedly" limited

abilities, including the ability to sustain attention and

concentration for extended periods and "to complete a normal

workday ... without interruptions from psychologically based

symptoms." But the ALJ determined that these limitations

were of primary relevance to skilled or semi-skilled

positions, not unskilled jobs with only light production

demands. This conclusion was supported by the VE's earlier

testimony as to the mental skills needed in the various

categories.

As we read the ALJ's decision, then, it was a logical

matching of Dr. Bonilla's medical conclusions with the expert

evidence relating to the job market. The ALJ did not reject

any of the doctor's medical conclusions nor assign them any

lesser weight. His interpretation of Dr. Bonilla's opinion

was well supported by the other assessments and medical

evidence in the record, including Dr. Bonilla's own written

report of her examination of appellant. And we note,

parenthetically, that had the ALJ instead adopted appellant's

interpretation, reading Dr. Bonilla's assessment as

inconsistent with the other substantial medical evidence in

-10-

the record, the regulation cited would not, as appellant

argues, have required the assignment of "controlling"

weight.1

For the reasons stated, the decision below is affirmed.

1. Although 20 C.F.R. 404.1527, was promulgated in final
form on August 1, 1991, while this case was pending on
appeal, the Secretary has not objected to the applicability
of the regulation's approach in this case. In light of our
conclusions and the lack of objection, we have no need to
consider any questions of retroactivity.

-11-