USCA1 Opinion

 

 February 19, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-1896 SONIA SANTOS RIVERA, Plaintiff, Appellant, v. SECRETARY OF HEALTH & HUMAN SERVICES, ET AL., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ___________________ Salvador Medina De La Cruz on brief for appellant. __________________________ Daniel F. Lopez Romo, United States Attorney, Jose Vazquez _____________________ ____________ Garcia, Assistant United States Attorney, and Amy S. Knopf, ______ _____________ Assistant Regional Counsel, Department of Health and Human Services on brief for appellee. __________________ __________________ Per Curiam. This appeal is from a judgment of the __________ district court affirming a final decision of the Secretary of Health and Human Services ("Secretary") that appellant did not meet the disability requirements of the Social Security Act. Appellant's application for disability benefits alleged an inability to work beginning May 16, 1988 due to a combination of chest pain and mental disability. Her application was initially denied, appealed and denied again. A de novo hearing was held before an Administrative Law Judge __ ____ ["ALJ"] on July 10, 1990. On July 30, 1990, the ALJ found that appellant had a residual functional capacity for certain unskilled light work jobs which exist in significant numbers in the economy, and so was not under a disability as defined in the Act. The Appeals Council denied appellant's request for review. On appeal to the district court, the case was assigned to a magistrate-judge who found that the Secretary's decision was based on substantial evidence and recommended affirmance. The district court adopted the magistrate's report and recommendation, affirming the Secretary's decision on May 11, 1992. We affirm. Appellant was 45 years old at the time of the hearing. She had completed the third year of high school. Her immediate past relevant work experience was as a welder/solderer in the electronics industry, a -2- position she had held for ten years prior to the onset of her illness. Appellant was diagnosed as suffering from chest pain and moderate to severe depression. To qualify for benefits under the Act, appellant bore the burden of proving that by reason of one, or a combination of these conditions, she had an "inability to engage in any substantial gainful activity due to ... impairment(s) which can be expected to result in death or last for a continuous period of not less than 12 months .... " 42 U.S.C. 423(d)(1)(A); 42 U.S.C. 416(i)(1); 20 C.F.R. 404.1505; Bowen v. Yuckert, 482 U.S. 137, 140 _____ _______ (1987); McDonald v. Secretary of HHS, 795 F.2d 1118 (1st Cir. ________ ________________ 1986). The ALJ considered appellant's testimony, the testimony of a vocational expert ("VE"), and appellant's medical records. Using the five-step sequential evaluation of the evidence required by 20 C.F.R. 404.1520, 404.1520a, the ALJ found that appellant's impairments were severe but did not, alone or in combination, equal the severity level of any listed impairment. 20 C.F.R. Part 404, Subpart. P, Appendix 1. Appellant's chest pain, however, was found to prevent her from returning to her past relevant work. Appellant does not dispute the above findings. She takes issue, however, with the ALJ'S finding at step five, that despite her combination of conditions, she has a -3- residual functional capacity to engage in unskilled light work jobs which allow for alternating physical positions. See ___ 20 C.F.R. 404.1545. Appellant's objection is not based on the existence or numbers of such jobs in the national economy, only the extent to which the evidence supports a finding that she is capable of performing such work. The Secretary bore the burden of proof on this issue. 20 C.F.R. 404.1520(f)(1); Rosado v. Secretary of HHS, 807 F.2d 292, ______ _________________ 294 (1st Cir. 1986). Our standard of review is whether the Secretary's findings are supported by "substantial evidence." Although the record may arguably support more than one conclusion, we must uphold the Secretary, "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Ortiz v. Secretary of _____ ____________ HHS, 955 F.2d 765, 769 (1st Cir. 1991) (quoting Rodriguez v. ___ _________ Secretary of HHS, 647 F.2d 218, 222 (1st Cir. 1981)); see ________________ ___ also Richardson v. Perales, 402 U.S. 389, 401 (1971). ____ __________ _______ Resolutions of credibility issues and conflicts in the evidence are for the Secretary, not the courts. Ortiz, 955 _____ F.2d at 769; Evangelista v. Secretary of HHS, 826 F.2d 136, ___________ ________________ 141 (1st Cir. 1987). Where the facts permit diverse inferences, we will affirm the Secretary so long as the inferences drawn are supported by the evidence. Rodriguez _________ Pagan v. Secretary of HHS, 819 F.2d 1, 3 (1st Cir. 1987), _____ ________________ -4- cert. denied, 484 U.S. 1012 (1988); Lizotte v. Secretary of ____________ _______ ____________ HHS, 654 F.2d 127, 128 (1st Cir. 1981). ___ There was ample medical evidence in the record to support the ALJ's conclusion regarding appellant's physical capacities. Appellant's chest pain was not attributed to any major cardiac impairment, hypertension or end organ damage, but it did require her to avoid strenuous activities. Objective medical reports described her pain as episodic and controlled by small doses of medication. After evaluating appellant's subjective complaints of pain in light of the factors set forth in Avery v. Secretary of HHS, 797 F.2d 19 _____ ________________ (1st Cir. 1986), the ALJ fairly concluded that despite her chest condition, appellant is physically capable of the exertions required by light and sedentary work, so long as she is permitted to alternate positions occasionally. There was also sufficient evidence that despite some mental impairment attributable to major depression, appellant retained the mental capacity to perform unskilled jobs in the light and sedentary work categories. The medical records showed that appellant has been treated with medications, on an out-patient basis, at the Coamo Mental Health Center since November, 1988. Reports from Dr. Vivian R. Bonilla, a psychiatrist who saw appellant on two occasions, described her as alert, oriented, coherent, spontaneous, logical and goal directed in her responses. Both Dr. Bonilla, and a -5- consulting psychiatrist, Dr. Hector Luis Rodriguez, found no significant limitations on appellant's memory, ability to understand and carry out short and simple instructions, ask simple questions, set realistic goals, and respond appropriately to changes in the work setting. In addition, two state agency physicians, on review of appellant's medical records, concluded that she could carry out simple instructions, maintain a normal workweek, respond to supervisors and co-workers and interact with the public. The VE opined, in answer to a hypothetical summarizing the above evidence, that appellant could not return to her prior job of welder because the job's high production requirements did not permit appellant to alternate positions with the frequency required. However, the VE identified several unskilled light work jobs which allow this flexibility, and which can be performed by a person of appellant's age, education and work experience suffering from moderate mental limitations. The VE's answer assumed limited abilities to understand, remember, concentrate, interact and work near others, accept instruction, be punctual, etc. The jobs he identified included hand classifier, garment folder and hand trimmer. Appellant contends that the ALJ erred in relying on the VE's testimony described above. Instead, appellant says, the ALJ should have based his decision on the VE's later answer -6- to a hypothetical posed by appellant's attorney. Appellant's hypothetical asked the VE whether appellant could perform the identified jobs if the VE "gave credibility to the content of Exhibit 21 and the residuals accompanying it." Exhibit 21 appears to have been a copy of Dr. Bonilla's "Mental Residual Functional Capacity Assessment." The VE's answer was in the negative. Appellant argues that the ALJ was required to accept the VE's response to the latter question as "controlling" because it was based on the opinion of a doctor described as a "treating" psychiatrist. This argument is an apparent reference to a recently promulgated regulation, 20 C.F.R. 404.1527 (1991), which describes the manner in which the Secretary weighs medical evidence of disability. One part provides: Generally we give more weight to opinions from your treating sources .... If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairments is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in your case record, we will give it controlling weight. When we do not give ... controlling weight, we will apply [other factors] in determining [its] weight ... We will always give good reasons in our ... decision for the weight we give your treating source's opinion. 20 C.F.R. 404.1527(d)(2). The regulation is thus neither as delimiting nor inflexible as appellant's argument suggests. It does not mandate assignment of some unvarying weight to every report -7- in every case. The ALJ is not required automatically to give ___ controlling weight to any "treating" doctor's report, ___ denominated as such. In some cases "controlling weight" may be assigned if the report meets the specified qualifications, __ and is not inconsistent with other substantial evidence. In other cases, the weight of a treating source's report is further evaluated in light of the many factors articulated throughout the remainder of the rule. See 20 C.F.R. ___ 404.1527(d)(1)-(6). And in any event, the "controlling weight" language is relevant only to those medical opinions which the regulations elsewhere define as originating from a "treating" source. That term, too, is not static. As defined in 20 C.F.R. 404.1502, and further refined in 404.1527(d)(2)(i)(ii), it refers to a physician or psychologist with whom the applicant has an "ongoing treatment relationship," as determined by the type, frequency and quality of doctor-patient contact in light of its consistency with accepted medical practice for the particular condition. In all cases, the responsibility for determining whether the statutory definition of disability has been met is reserved to the Secretary. 20 C.F.R. 404.1527(e). We need not reach the Secretary's argument that Dr. Bonilla is not properly defined as a "treating" doctor because we think that appellant exaggerates the record in reaching an issue under this regulation. We do not read the -8- ALJ's decision as rejecting Dr. Bonilla's opinion, nor as according its relevant portions any less than full weight. Since Dr. Bonilla's opinion was, for the most part, entirely consistent with the other medical evidence, and was among the opinions cited by the ALJ as cumulatively informing his decision, there was no occasion redundantly to describe the weight assigned to this part of Dr. Bonilla's opinion as "controlling," or otherwise. Moreover, as to the "Mental Residual Functional Capacity Assessment," it appears to us that what the ALJ rejected was not Dr. Bonilla's conclusions, but appellant's interpretation of both the assessment and the VE's answer to appellant's hypothetical. The VE's response was ambiguous due to the question posed. The hypothetical did not specify facts, but simply asked the VE to assume as a basis the entire, multi-faceted, three-page exhibit. It is thus not clear how the expert understood the question, or which of its multiple facts he was relying upon in his answer. The VE's answer mentioned the "physical demands" of a job, a term which does not even appear in the exhibit. And appellant's follow-up question, which included, as an additional predicate, appellant's subjective complaints of pain, headaches, and the like, did not help to clarify any objective basis for the first answer. -9- The ALJ interpreted Dr. Bonilla's assessment as reflecting that appellant suffered only insignificant or moderate degree limitations in the mental abilities required for the simple tasks in the unskilled job category. It is true the assessment also recited some "markedly" limited abilities, including the ability to sustain attention and concentration for extended periods and "to complete a normal workday ... without interruptions from psychologically based symptoms." But the ALJ determined that these limitations were of primary relevance to skilled or semi-skilled positions, not unskilled jobs with only light production demands. This conclusion was supported by the VE's earlier testimony as to the mental skills needed in the various categories. As we read the ALJ's decision, then, it was a logical matching of Dr. Bonilla's medical conclusions with the expert evidence relating to the job market. The ALJ did not reject any of the doctor's medical conclusions nor assign them any lesser weight. His interpretation of Dr. Bonilla's opinion was well supported by the other assessments and medical evidence in the record, including Dr. Bonilla's own written report of her examination of appellant. And we note, parenthetically, that had the ALJ instead adopted appellant's interpretation, reading Dr. Bonilla's assessment as inconsistent with the other substantial medical evidence in -10- the record, the regulation cited would not, as appellant argues, have required the assignment of "controlling" weight.1 For the reasons stated, the decision below is affirmed. _________ ____________________ 1. Although 20 C.F.R. 404.1527, was promulgated in final form on August 1, 1991, while this case was pending on appeal, the Secretary has not objected to the applicability of the regulation's approach in this case. In light of our conclusions and the lack of objection, we have no need to consider any questions of retroactivity. -11-