[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 97-1188

ANA H. ROSADO,

Plaintiff, Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Defendant, Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]



Before

Torruella, Chief Judge, 
Stahl and Lynch, Circuit Judges. 



Melba N. Rivera-Camacho & Assocs. on brief for appellant. 
Guillermo Gill, United States Attorney, Edna C. Rosario-Munoz, 
Assistant United States Attorney, and Wayne G. Lewis, Assistant 
Regional Counsel, Office of the Chief Counsel, Region I, Social
Security Administration, on brief for appellee.



October 10, 1997


Per Curiam. This is an appeal from the denial of social 

security disability benefits. Appellant Ana H. Rosado

("Rosado") claims she is disabled due to a combination of

back problems and depression.

A mental residual functional capacity ("RFC") assessment

was required in this case, since it was determined Rosado's

mental impairment was "severe." See 20 C.F.R.  

404.1520a(c)(3). The RFC assessment needed to address

Rosado's abilities to 1) understand, remember, and carry out

instructions, and 2) respond appropriately to supervision,

co-workers, and work pressures in a work setting. 20 C.F.R.

404.1545(c). While two of the non-examining doctors did

address the first concern, they did not sufficiently speak to

the second concern. The ALJ, as a lay person, was not

qualified to interpret the raw medical data and assess

claimant's mental RFC. Rosado v. Secretary of Health & Human 

Servs., 807 F.2d 292, 293 (1st Cir. 1986). On remand, the 

ALJ shall obtain expert medical assistance to interpret the

raw medical data regarding Rosado's mental condition in 19931 1

 

1Since the record shows Rosado lost a young son in an auto 1
accident in late 1992 or early 1993, it would not be correct
to disregard, without explanation, the 1993 evidence and base
findings on the pre-1993 evidence alone. Prior to her son's
death, most of the evidence showed Rosado's mental condition
was "good" or "fair." After she lost her son, though, it
does appear from the records of all three examining
physicians that her mental condition may have deteriorated.
On remand, the ALJ should analyze the evidence in light of
this fact. The ALJ should also ensure that the RFC
assessment incorporates this information.

-2-

and to explain how her mental condition affected her ability

to function in the workplace. See 20 C.F.R. 404.1545(c). 

Only then can a vocational expert competently testify

regarding whether work existed in the national economy which

Rosado could perform despite the limitations set out by the

medical expert.

We have examined Rosado's argument regarding the ALJ's

findings on her subjective complaints of pain. We see no

reason to disturb those findings, as they were supported by

substantial evidence.

Reversed and remanded on the mental impairment issue. 

-3-