USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1188 ANA H. ROSADO, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Salvador E. Casellas, U.S. District Judge] ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Melba N. Rivera-Camacho & Assocs. on brief for appellant. _________________________________ Guillermo Gill, United States Attorney, Edna C. Rosario-Munoz, _______________ ______________________ Assistant United States Attorney, and Wayne G. Lewis, Assistant ________________ Regional Counsel, Office of the Chief Counsel, Region I, Social Security Administration, on brief for appellee. ____________________ October 10, 1997 ____________________ Per Curiam. This is an appeal from the denial of social __________ security disability benefits. Appellant Ana H. Rosado ("Rosado") claims she is disabled due to a combination of back problems and depression. A mental residual functional capacity ("RFC") assessment was required in this case, since it was determined Rosado's mental impairment was "severe." See 20 C.F.R.  ___ 404.1520a(c)(3). The RFC assessment needed to address Rosado's abilities to 1) understand, remember, and carry out instructions, and 2) respond appropriately to supervision, co-workers, and work pressures in a work setting. 20 C.F.R. 404.1545(c). While two of the non-examining doctors did address the first concern, they did not sufficiently speak to the second concern. The ALJ, as a lay person, was not qualified to interpret the raw medical data and assess claimant's mental RFC. Rosado v. Secretary of Health & Human _____________________________________ Servs., 807 F.2d 292, 293 (1st Cir. 1986). On remand, the ______ ALJ shall obtain expert medical assistance to interpret the raw medical data regarding Rosado's mental condition in 19931 1  ____________________ 1Since the record shows Rosado lost a young son in an auto 1 accident in late 1992 or early 1993, it would not be correct to disregard, without explanation, the 1993 evidence and base findings on the pre-1993 evidence alone. Prior to her son's death, most of the evidence showed Rosado's mental condition was "good" or "fair." After she lost her son, though, it does appear from the records of all three examining physicians that her mental condition may have deteriorated. On remand, the ALJ should analyze the evidence in light of this fact. The ALJ should also ensure that the RFC assessment incorporates this information. -2- and to explain how her mental condition affected her ability to function in the workplace. See 20 C.F.R. 404.1545(c). ___ Only then can a vocational expert competently testify regarding whether work existed in the national economy which Rosado could perform despite the limitations set out by the medical expert. We have examined Rosado's argument regarding the ALJ's findings on her subjective complaints of pain. We see no reason to disturb those findings, as they were supported by substantial evidence. Reversed and remanded on the mental impairment issue. _____________________ -3-