**Randall BICKFORD, Plaintiff**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant**

**No. 02–59–B–S.**

United States District Court, D. Maine.

Dec. 31, 2002.

David A. Chase, MacDonald, Chase & Szewczyk, Bangor, ME, for Randall Bickford, plaintiff.

James M. Moore, U.S. Attorney's Office, Bangor, ME, Eskunder Boyd, Assistant Regional Counsel, Office of the Chief Counsel, Boston, MA, for Social Security Administration Commissioner, defendant.

## ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

SINGAL, District Judge.

No objections having been filed to the Magistrate Judge's Recommended Decision filed November 20, 2002, the Recommended Decision is accepted.

Accordingly, it is *ORDERED* that the commissioner's decision is *VACATED* and the cause *REMANDED* for further proceedings consistent with the Report and Recommended Decision of the Magistrate Judge.

## REPORT AND RECOMMENDED DECISION[1]

DAVID M. COHEN, United States Magistrate Judge.

This Social Security Disability ("SSD") appeal raises the question whether sub-

---

1. This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's deci-

stantial evidence supports the commissioner's determination that the plaintiff has the residual functional capacity to perform a significant range of light work. Specifically, the plaintiff contends that the commissioner erred in her treatment of his psychiatric limitations and in rejecting limitations found to exist by reviewing physicians. I recommend that the decision of the commissioner be reversed and the case remanded for further proceedings.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir.1982), the administrative law judge found, in relevant part, that the plaintiff was insured for benefits through the date of the decision, Finding 1, Record at 16; that the plaintiff had not engaged in substantial gainful activity since alleged onset of disability on September 30, 1999, Finding 2, *id.;* that the plaintiff had an impairment or combination of impairments that were severe under the applicable regulations but that did not meet or equal the criteria of any of the impairments listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 ("the Listings"), Findings 3–4, *id.;* that the plaintiff's allegations concerning his limitations were not totally credible, Finding 5, *id.;* that the plaintiff had the residual functional capacity to lift and carry ten pounds on a regular basis and twenty pounds occasionally, limited to simple, routine work and avoiding climbing, bending and heat, Finding 7, *id.;* that the plaintiff was unable to perform any of his past relevant work, Finding 8, *id.;* that in view of his age (47), high school or equivalent education, lack of transferable skills from past work and residual functional

capacity to perform a significant range of light work, use of Appendix 2 to Subpart P, 20 C.F.R. Part 404 ("the Grid") as a framework for decision-making resulted in the conclusion that there were a significant number of jobs in the national economy that the plaintiff could perform, Findings 9–13, *id.* at 16–17; and that the plaintiff had not been under a disability at any time through the date of the decision, Finding 14, *id.* at 17. The Appeals Council declined to review the decision, *id.* at 4–5, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir.1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso–Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir.1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir.1981).

The administrative law judge reached Step 5 of the sequential evaluation process. At Step 5, the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's

sion and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on November 19, 2002, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argu-

ment their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record

residual work capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir.1986).

■ The plaintiff first contends that the administrative law judge failed to consider medical evidence of orthopedic problems with his back, relying instead solely on the opinion of Dr. John Posey concerning the neurological aspects of his back pain. He relies on the conclusion of Veterans Administration physicians that he suffered a 60% disability and was unemployable as of September 29, 1999 due to his back pain. Statement of Specific Errors (Docket No. 3) at 2–3. While the question whether an individual is disabled is reserved to the commissioner and a treating physician's opinion on this question is not binding, 20 C.F.R. § 404.1527(e)(1), the administrative law judge's opinion does not mention the Veterans Administration records found in Exhibit 1F at all. As a result, it is not possible to determine whether the administrative law judge complied with 20 C.F.R. § 404.1527(d), which requires the commissioner to evaluate every medical opinion received. The Veterans Administration record, while it does not describe limitations imposed by the plaintiff's back condition in terms consistent with those applied by the commissioner, does include the results of medical testing that support the physicians' conclusions, making the reports medical evidence that must be considered by the administrative law judge.[2] In addition, the Veterans Administration records are not necessarily consistent on their face with a functional capacity for light work. Accordingly, the failure of the administrative law judge to evaluate these records requires remand. Social Security Ruling 96–6p, reprinted in *West's Social Security Reporting Service* Rulings 1975–1982 (Supp.2002), at 129–31.

■ The plaintiff also argues that the administrative law judge's failure to include in his hypothetical question to the vocational expert the limitation on the use of his upper extremities found by a reviewing physician at the state agency level requires remand. Statement of Specific Errors at 3. The reviewing physician stated that the plaintiff should have "no frequent push/pull on [left]" of his upper extremities. Record at 177.[3] While the administrative law judge did not include this limitation in his hypothetical questions to the vocational expert, *id.* at 49–51, two of the three jobs in the light range identified by the vocational expert in response to those questions (telephone operator and dispatcher, *id.* at 50) do not appear to require frequent pushing or pulling with the left arm, Dictionary of Occupational Titles (U.S. Dep't of Labor, 4th ed. Rev.1991) §§ 193.262–014, 235.662–022. Accordingly, if the administrative law judge was required to include this limitation in his hypothetical question, its absence had no practical effect on the conclusions ultimately drawn about available jobs which the plaintiff was capable of performing. If this was error, it does not require reversal.

Finally, the plaintiff addresses his claim of depression as a basis for disability. He contends that the global assessment of functioning ("GAF") assigned to him by Dr. Fred Risser requires a finding of psychiatric limitations in excess of the limita-

---

2. At oral argument, counsel for the defendant contended that Exhibit 1F demonstrated no physical limitations relevant to the plaintiff's allegations of disability. As this discussion demonstrates, that is not the case.

3. The plaintiff's assertion that this reviewing physician found "a maximum work capacity to perform sedentary work," Statement of Specific Errors at 3, is incorrect. *Compare* Record at 177 *with* 20 C.F.R. § 404.1567(a)-(b).

tion to the performance of simple, routine work, Record at 14, 16, found by the administrative law judge, Statement of Specific Errors at 4–5.[4] The administrative law judge mentioned Dr. Risser's report only to note that the plaintiff's mental condition "improved after two visits." Record at 14. He also found that the plaintiff suffered from an affective disorder that was severe. *Id.* at 13. The only limitation on the plaintiff's ability to perform the full range of light work found by the administrative law judge that might be based on the presence of a severe psychiatric condition is the limitation to simple, routine tasks. However, the administrative law judge does not discuss how either Dr. Risser's findings or those of the state-agency reviewing psychologist provide support for such a limitation. The state-agency psychologist found that the plaintiff would seldom have difficulties of concentration, persistence or pace. Record at 191. Dr. Risser's reports do not mention concentration or ability to follow complex instructions. *Id.* at 203–15.

The administrative law judge found significant, *id.* at 14, the facts that Dr. Risser noted the plaintiff's own report that he had been doing better when he saw the plaintiff two weeks after his first visit, *id.* at 205, and that there were no medical records to support the plaintiff's testimony that he continued to receive treatment for depression after seeing Dr. Risser, who referred him for further treatment, *id.* The first appointment for such treatment available from the Veterans Administration was two months after the plaintiff last saw Dr. Risser. *Id.* at 206.

■ A GAF rating of 50 "indicates that [an individual] was likely experiencing great difficulty functioning in the workplace." *Sousa v. Chater,* 945 F.Supp. 1312, 1326 (E.D.Cal.1996). The administrative law judge's apparent dismissal of this finding by a treating psychiatrist because the plaintiff reported that he was "doing better" two weeks after the GAF rating was determined and because he provided no records of treatment other than his testimony for the following 18 months, all of which occurred after the plaintiff's application for benefits was filed, *see* 20 C.F.R. § 404.1512(d) (defendant will develop complete medical history for at least 12 months preceding month in which application was filed), is insufficient to meet the requirements of 20 C.F.R. § 404.1527(d). In addition, Dr. Risser noted that the plaintiff would require "longer term follow-up" with the Veterans Administration, Record at 203, a finding that is inconsistent with the administrative law judge's conclusion but not addressed in his decision.

For the foregoing reasons, I recommend that the commissioner's decision be VACATED and the case REMANDED for further proceedings consistent herewith.

## NOTICE

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being*

---

4. Counsel for the plaintiff conceded at oral argument that the failure of the administrative law judge to complete a psychiatric review technique form ("PRTF") does not require remand. *Cf.* Statement of Specific Errors at 4–5. That form is only required at the stages of the administrative review process that precede consideration of an application by an administrative law judge. 20 C.F.R. § 404.1520a(e). The form was completed at those levels in this case. Record at 184–92.