Raymond J. DUPUIS,
Plaintiff, Appellant,

v.

SECRETARY OF HEALTH AND HU-
MAN SERVICES, Defendant,
Appellee.

No. 88–1542.

United States Court of Appeals,
First Circuit.

Submitted Nov. 4, 1988.

Decided Jan. 30, 1989.

Richard W. Lubart, on brief, for plaintiff, appellant.

Robert M. Peckrill, Asst. Regional Counsel, Dept. of Health and Human Services, Frank L. McNamara, Jr., U.S. Atty., and Andrew S. Hogeland, Asst. U.S. Atty., Boston, Mass., on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge,
COFFIN and SELYA, Circuit Judges.

PER CURIAM.

This is an appeal from a denial of Social Security disability benefits. Claimant applied for benefits on July 10, 1985, alleging that he had been disabled since July 12, 1980 due to lumbar disc surgery, high blood pressure, bleeding stomach ulcer and emotional stress. The application was denied, as was a request for reconsideration. Claimant requested a hearing before an Administrative Law Judge (ALJ) which was held on April 9, 1986. The ALJ found that claimant suffered from a variety of ailments but was not prevented from performing past relevant work and was therefore not disabled.

Claimant filed a request for review. The Appeals Council determined that the ALJ's findings and conclusions were not supported by substantial evidence and remanded.

After the remand hearing, the ALJ issued a decision that the claimant had "a severe emotional impairment characterized as a dysthymic disorder" which met the requirement of Section 12.04, Appendix 1, Subpart P., Regulation No. 4 and precluding him from working for at least 12 continuous months. The ALJ also found that claimant's physical impairments did not meet the listings, but imposed limitations which made it "unreasonable to expect that he could meet the demands of even sedentary work on a continuous basis." The ALJ found claimant was under a "disability" as defined in the Social Security Act, as of July 12, 1980.

The Appeals Council, on its own motion pursuant to 20 C.F.R. 404.969, reviewed the ALJ's decision. The Appeals Council issued a decision which is the final decision of the Secretary finding claimant is entitled to a period of disability beginning September 6, 1985 but not prior to that date.

Claimant appealed to the district court, contending that the Appeals Council's decision that his mental condition did not render him disabled before September 6, 1985 was not supported by substantial evidence. He also argued that the Appeals Council should have deferred to the credibility findings of the ALJ because the ALJ was in a better position to assess the plaintiff's testimony.

The district court rejected this argument. It concluded that the Appeals Council had not rejected the credibility findings of the ALJ, but rather found no credible medical evidence of claimant's mental disability before 1985. The court found the Appeals Council was "in just as good a position to evaluate the medical reports as the ALJ." On appeal, claimant makes the same "credibility" argument, but directs it solely at the Appeals Council's findings regarding his back pain.[1]

■ At the outset, we note that claimant did not seek review in the district court of the Secretary's determination that he was not disabled as a result of back pain. It is well settled that this court will not review

an issue raised for the first time in this court. *See United States v. Figueroa,* 818 F.2d 1020, 1025 (1st Cir.1987). But, even if we were to review the issue, we would conclude that claimant is not entitled to relief.

Claimant argues that the ALJ found credible his testimony that he stopped working in July 1980 because of his back pain even though there was no objective medical evidence in the record of such pain at that time. He contends the Appeals Council erred by not giving "deference" to the findings of the ALJ and discounting the testimony of claimant and the medical opinion of an examining doctor who examined claimant in 1975 and 1986 and opined that claimant was disabled since 1980.

The difficulty we have with claimant's argument is that except for his testimony that the onset of disabling back pain occurred in 1980, there is no medical evidence in the record *contemporaneous* with that time to support his claim.

■ In determining the weight to be given to allegations of pain, we have stated that complaints of pain need not be precisely corroborated by objective findings, but they must be consistent with medical findings. *Avery v. Secretary of Health and Human Services,* 797 F.2d 19, 21 (1st Cir. 1980); *DaRosa v. Secretary of Health and Human Services,* 803 F.2d 24, 26 (1st Cir. 1986).

■ While considerable deference is owed to a credibility finding by the ALJ, the Appeals Council has the authority to reject such credibility findings. *Beavers v. Secretary of Health and Human Services,* 577 F.2d 383, 386 (6th Cir.1978).

■ Here the Appeals Council did not expressly reject the ALJ's credibility findings. The Appeals Council's decision was expressly based on the fact that there was *no* credible *medical evidence* supporting claimant's allegations during the period in question. Under these circumstances, the Appeals Council is in the same position as

---

1. On appeal claimant does not seek review of the Secretary's findings regarding his alleged

mental impairment. Accordingly, we offer no view on that matter.

the ALJ to evaluate objective medical evidence and it need not defer to the ALJ's interpretation.

The medical evidence shows claimant experienced back problems in 1960 and had surgery from which he recovered and returned to work. He saw doctors for his back in the 1970's and continued to work and conduct his business until 1980. There is no medical evidence that back pain prevented him from doing his work during that period. In 1980 he closed his business and ceased working. He has testified that he closed his business, which it appears from the record was a successful concern, because of back pain. Yet from 1980 until September 1985 he did not see any doctors regarding his back. The record shows that he visited doctors during that period for treatment of other ailments. In September 1985, claimant was examined by Dr. Pomeroy and based on the report of that examination, the Appeals Council found claimant disabled. Dr. Pomeroy issued no opinion as to an earlier onset date of the physical disability. In July, 1986, Dr. Anderson examined claimant and found what he characterized as further deterioration in claimant's back condition. The report of Dr. Anderson, on which claimant relies, showed treatment in 1975 and examination in 1985, but reflected no contact with claimant during the interim.

In review, the Appeals Council found that claimant suffered from chronic radiculopathy, status post-lumbar laminectomy, depression, high blood pressure and peptic ulcer. It found that these impairments prior to 1985 would not have interferred with plaintiff's ability to perform his past relevant work as an owner-manager of a small metal finishing business. The Appeals Council noted that between 1980 and 1985, claimant did not seek medical attention for his back or mention back problems to doctors he saw for other medical concerns. Although Dr. Anderson stated that claimant had been disabled before 1985, the Appeals Council could properly give the opinion little weight because there was no evidence that Dr. Anderson had examined claimant at any time between 1975 and 1986. *See Sitar v. Schweiker*, 671 F.2d 19, 22 (1st Cir.1982) (a physician's statement of inability to work, while probative, is not conclusive, particularly where other evidence counteracts the statement). The function of weighing evidence is the Secretary's. *Rodriguez v. Secretary of Health and Human Services*, 647 F.2d 218, 223-24 (1st Cir.1981).

We find there is substantial evidence in the record to support the Secretary's decision. Affirmed.