Potter v. SSA                    CV-97-464-SD   07/23/SD

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Richard Potter


_____v.                                Civil No. 97-464-SD


Kenneth S. Apfel, Commissioner,
 Social Security Administration


O R D E R


     The plaintiff, Richard Potter, brings this action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of a final decision of the defendant, the Commissioner of the Social Security Administration (Commissioner), denying his claim for benefits under the Act. Before the court are plaintiff's motion for an order reversing the Commissioner's decision and defendant's motion for an order affirming the Commissioner's decision.


Background

     Pursuant to Local Rule 9.1, the parties have filed a joint statement of material facts, which the court hereby incorporates.

<u>Discussion</u>

## 1. Standard of Review

After a final determination by the Commissioner and upon request by a party, the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (1994 & Supp. 1997). The court also may order a remand for the taking of additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (sentence six). The Commissioner's factual findings are conclusive as long as supported by substantial evidence. <u>See</u> <u>Irlanda Ortiz v. Secretary of Health & Human Servs.</u>, 955 F.2d 765, 769 (1st Cir. 1991). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)); <u>see</u> <u>also</u> <u>Rodriguez Pagan v. Secretary of Health & Human Servs.</u>, 819 F.2d 1, 3 (1st Cir. 1987), <u>cert. denied</u> 484 U.S. 1012 (1988).

In making factual findings, the Commissioner must weigh and resolve conflicts in the evidence, settle credibility issues, and draw inferences from the record evidence. <u>See</u> <u>Irlanda Ortiz</u>,

<u>supra</u>, 955 F.2d at 769.  The court will defer to the ALJ's credibility determinations, particularly where those determinations are supported by specific findings.  <u>See</u> <u>Frustaglia v. Secretary of Health & Human Servs.</u>, 829 F.2d 192, 195 (1st Cir. 1987).  Accordingly, the Commissioner's decision to deny benefits will be affirmed unless it is based on a legal or clear factual error.  <u>See</u> <u>Manso-Pizarro v. Secretary of Health & Human Servs.</u>, 76 F.3d 15, 16 (1st Cir. 1996).

## 2. Residual Functional Capacity

Applying the five step decision-making process prescribed by 20 C.F.R. § 404.1520, the ALJ determined at step five that Potter was not disabled because he retained the residual functional capacity (RFC) to perform sedentary work, and, based upon his age, education, work experience and skills, the Grid directed a conclusion of not disabled.[1]  Potter argues that this

---

[1]The ALJ is required to consider the following five steps when determining if a claimant is disabled:

> (1) whether the claimant is engaged in substantial gainful activity at the time of the claim;
> (2) whether the claimant has a severe impairment that has lasted for twelve months or had a severe impairment for a period of twelve months in the past;
> (3) whether the impairment meets or equals a listed impairment;
> (4) whether the impairment prevents or prevented the claimant from performing past relevant work;

3

determination was erroneous because his pain prevents him from performing even sedentary work. This argument requires the court to examine two possibilities. First, if Potter is completely incapable of sedentary work, he must be considered disabled. Second, if Potter's pain presents a nonexertional limit on his ability to work by limiting his ability to concentrate, the ALJ was required to make an independent judgment, rather than relying on the Grid.[2]

In assessing the claimant's RFC, the ALJ begins by reviewing the available medical evidence. See Manso-Pizarro, supra, 76 F.3d at 17; Santiago v. Secretary of Health & Human Servs., 944 F.2d 1, 5 (1st Cir. 1991). A claimant's medical history and the objective medical evidence are considered reliable indicators

_____

(5) whether the impairment prevents or prevented the claimant from doing any other work.

20 C.F.R. § 404.1520 (1997).

[2] At the fifth step, the Grid at 20 C.F.R. § 404, Subpart P, Appendix 2, 200.00(a)-(e) (1997) simplifies the Commissioner's task of determining whether claimants can perform work that exists in the national economy enabling "the [Commissioner] to satisfy [the] burden in a streamlined fashion without resorting to the live testimony of vocational experts." Ortiz v. Secretary of Health & Human Servs., 890 F.2d 520, 524 (1st Cir. 1989) (quoting Sherwin v. Secretary of Health & Human Servs., 685 F.2d 1, 4 (1st Cir. 1982)). The Grid, which is a matrix combining different permutations of four essential factors set forth in the statute; i.e., age, education, work experience, and residual work capacity, applies to claimants who have only exertional limitations. Based upon these factors, the Grid dictates a finding of disabled or not disabled.

4

from which the ALJ may draw reasonable conclusions regarding the intensity and persistence of the claimant's pain. See Avery v. Secretary of Health & Human Servs., 797 F.2d 19, 23 (1st Cir. 1986); 20 C.F.R. § 404.1529(c)(3). However, situations exist in which the reported symptoms of pain suggest greater functional restrictions than can be demonstrated by the medical evidence alone. Id. The ALJ is required to consider subjective complaints of pain by a claimant who presents a "clinically determinable medical impairment that can reasonably be expected to produce the pain alleged." 42 U.S.C. § 423 (d)(5)(A); see Avery, supra, 797 F.2d at 21; 20 C.F.R. § 404.1529. "[C]omplaints of pain need not be precisely corroborated by objective findings, but they must be consistent with medical findings." Dupuis v. Secretary of Health & Human Servs., 869 F.2d 622, 623 (1st Cir. 1989). In this case, the ALJ rejected Potter's claim that he cannot sit for a full work day based upon Dr. Shea's and Dr. Lynch's reports. See Transcript (Tr.) at 15. Thus the ALJ disregarded Potter's subjective claims of pain based upon the medical evidence. Although the ALJ is charged with evaluating the credibility of the claimant's allegation of pain, when, as in this case, there is a physiological basis for the pain, he must fully consider the claimant's subjective complaints.

5

Once a medically determinable impairment is documented, the effects of pain must be considered at each step of the sequential evaluation process. See 20 C.F.R. § 404.1529(d). To determine the credibility of the claimant's allegations of pain, the ALJ must consider: (1) the nature, location, onset, frequency, duration, radiation, and intensity of the pain; (2) any precipitating and aggravating factors; (3) the type, dosage, effectiveness, and adverse side-effects of any pain medications; (4) any nonmedication forms of treatment for pain relief; (5) any functional restrictions; and (6) the claimant's daily activities. See Avery, supra, 797 F.2d at 29; 20 C.F.R. § 404.1529; see C.F.R. § 404.1529(c)(3).

Although the ALJ in this case considered Potter's non-use of medication and his daily activities, he completely omitted consideration of the frequency and intensity of Potter's pain, precipitating and aggravating factors, or other measures he uses to relieve pain. The record sheds little light on these areas. Despite the ALJ's duty to develop the record, he did not ask the claimant a single question during the hearing. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir. 1991) (stating ALJ's duty to develop facts is well established) (quoting Heckler v. Campbell, 461 U.S. 458, 471 n.1 (Brennan, J.,

6

concurring)); 20 C.F.R. § 404.944 ("the administrative law judge looks fully into the issues, [and] questions you and the other witnesses").

The ALJ supported his decision by stating:

> [Claimant] testified that he could drive for up to 90 minutes at a time, an activity involving movement of the knee arguably more than would sitting in a work position. Nor does he report curtailments in activities involving sitting, such as watching television, reading and the like.
> It was also claimant's testimony that he has dispensed with pain medications as he is tired of them. This is indication that his pain is not intense and, therefore, not disabling.

Tr. at 15. The record, however, reveals that Potter drives a car with an automatic transmission; thus the conclusion that this involves more movement of his injured left knee than would sitting at work is questionable. Furthermore, the ability to drive ninety minutes does not necessarily translate into the ability to sit for six to eight hours. Although the ALJ ostensibly considered Potter's daily activities, the record does not support the conclusion that Potter does a significant amount of sitting during the day. Potter claims that he spends three quarters of his time in bed. See Tr. at 90. The fact that he is able to watch television does not undermine his claim that he cannot sit for an extended period of time—there is no evidence in the record indicating whether Potter watches television in bed or while sitting.

7

The ALJ also did not evaluate the possibility that Potter's pain, while not precluding him from performing all sedentary jobs, limited his ability to work. When a claimant's non-exertional limitations, such as pain, reduce the types of work the claimant can perform, reliance on the Grid may be inappropriate. See C.F.R. Subpt. P, App. 2. In this case, Potter has indicated that he has problems concentrating. See Tr. at 130. Given this allegation, the ALJ should have considered the possibility that Potter's pain precluded him from performing a full range of sedentary work.

Furthermore, in cases in which the claimant's complaints of pain are not consistent with the claimant's physical impairment, the ALJ must consider the possibility of a psychological origin. The Code of Federal Regulations directs the ALJ to "develop evidence regarding the possibility of a medically determinable mental impairment when [he has] information to suggest that such an impairment exists, and [the claimant] allege[s] pain . . . but the medical signs and laboratory findings do not substantiate any physical impairment(s) capable of producing the pain. . . ." 20 C.F.R. § 404.1529(b). In this case, the evidence in the record suggests the possibility of a mental impairment. In particular, Dr. Lynch's notes state, "Patient is not doing well. He has developed severe emotional problems secondary to his inability to work and his ongoing pain and has had to move out of his abode

8

and he is seeing a family counselor and a psychologist." Tr. at 169. Although the ALJ stated that he "considered a psychological etiology of an allegation of intolerance of sitting but [found] none," there is no mention of Potter's depression. See Tr. at 15. Despite evidence in the record suggesting emotional problems, the ALJ did not develop the record regarding the extent of Potter's mental impairment. Thus the ALJ did not "develop a complete medical history," as required by the statute. 42 U.S.C. § 423(d)(5)(B).

Because the ALJ failed to develop the record fully and did not adequately consider Potter's subjective complaints of pain. The court finds that this case must be remanded for further proceedings before the ALJ.

## Conclusion

For the abovementioned reasons, the ALJ's decision is reversed, and the case is remanded for a rehearing.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

July 23, 1998

cc:  Stephen W. Wight, Esq.
     David L. Broderick, Esq.