John SIMPSON, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.

No. CIV. 01–206–B0S.

United States District Court, D. Maine.

Aug. 29, 2002.

David A. Chase, MacDonald, Chase & Szewczyk, Bangor, ME, for John Simpson.

James M. Moore, U.S. Attorney's Office, Bangor, ME, Peter S. Krynski, Social Security Disability Litigation—Answer Section, Office of the General Counsel, Falls Church, VA, Eskunder Boyd, Assistant Regional Counsel, Office of the Chief Counsel, Region 1, Boston, MA, for Social Security Administration Commissioner.

## ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

SINGAL, District Judge.

No objections having been filed to the Magistrate Judge's Recommended Decision filed August 9, 2002 the Recommended Decision is accepted.

Accordingly, it is *ORDERED* that the commissioner's decision is *AFFIRMED*.

## *REPORT AND RECOMMENDED DECISION*[1]

COHEN, United States Magistrate Judge.

This Social Security Disability ("SSD") appeal raises the question whether sub-

---

1. This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is present-ed as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which

stantial evidence supports the commissioner's determination that the plaintiff, who alleges that he has been disabled from working since July 31, 1992, by heart disease, diabetes, deteriorating kidney function, fatigue, dyspnea and deteriorating eyesight, had no severe impairment as of December 31, 1993, his date last insured. I recommend that the decision of the commissioner be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir.1982), the administrative law judge found, in relevant part, that the plaintiff had acquired sufficient quarters of coverage to remain insured only through December 31, 1993, Finding 1, Record at 21; that as of his date last insured he had Type II diabetes, hypertension and a history of right eye surgery, Finding 3, *id.;* that as of his date last insured he did not have any impairment that significantly limited his ability to perform basic work-related functions and therefore did not have a severe impairment, Finding 5, *id.;* and that he was not under a disability at any time through his date last insured, Finding 6, *id.* The Appeals Council declined to review the decision, *id.* at 5–6, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir.1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g); *Manso–Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir.1996). In

he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on August 8, 2002, pursuant to Local Rule 16.3(a)(2)(C) requiring

other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir.1981).

The administrative law judge reached Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at this step, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1123 (1st Cir.1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* at 1124 (quoting Social Security Ruling 85–28).

The plaintiff complains that, in contravention of Social Security Ruling 83–20, the administrative law judge wrongly rejected lay evidence regarding his condition as of his date last insured. *See generally* Statement of Specific Errors ("Statement of Errors") (Docket No. 4); *see also* Social Security Ruling 83–20, reprinted in *West's Social Security Reporting Service* Rulings 1983–1991, at 49–57. I find no reversible error.

## I. Discussion

As an initial matter, I note that although the administrative law judge solicited lay

the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

evidence with a view toward application of SSR 83–20 and discussed that evidence in her decision, she never referenced the ruling in question. Record at 16–22, 40. This seems to have been a deliberate—and understandable—omission.

SSR 83–20 concerns determination of the onset date of disability. *See* SSR 83–20 at 49 ("In addition to determining that an individual is disabled, the decisionmaker must also establish the onset date of disability."). Such a determination need not be made unless an individual has been determined at some point to have been disabled. *See, e.g., Key v. Callahan,* 109 F.3d 270, 274 (6th Cir.1997) ("Since there was no finding that the claimant is disabled as a result of his mental impairment or any other impairments or combination thereof, no inquiry into onset date is required.").

■ There is no evidence of record that the plaintiff ever has been found disabled; to the contrary, the administrative law judge observed, "Though the claimant has had some significant medical problems since his insured status expired, including bypass surgery, it is not entirely clear whether he could be found disabled even currently." Record at 20. The plaintiff does not challenge this finding. *See generally* Statement of Errors. Inasmuch as the administrative law judge had no obligation to apply SSR 83–20, any argument predicated on its asserted misapplication necessarily must fail.

In any event, even assuming *arguendo* that SSR 83–20 applies to this case, the plaintiff falls short of demonstrating entitlement to a remand.

■ SSR 83–20 provides:

In disabilities of nontraumatic origin, the determination of onset involves consideration of the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity. The weight to be given any of the relevant evidence depends on the individual case.

*Id.* at 50. The date alleged by a claimant should be used "if it is consistent with all the evidence available." *Id.* at 51. "[T]he established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record." *Id.*

■ Per SSR 83–20, "it may be possible," but only "[i]n some cases," for the administrative law judge to use the medical evidence of record "to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination." *Id.* Such a determination "must have a legitimate medical basis"; it is necessary to call on the services of a medical advisor in such circumstances. *Id.*

■ SSR 83–20 also contemplates the possibility that the available medical evidence will not yield a reasonable inference about the progression of a claimant's impairment. *Id.* In such a case, "it may be necessary to explore other sources of documentation" such as information from family members, friends and former employers of the claimant. *Id.* "The impact of lay evidence on the decision of onset will be limited to the degree it is not contrary to the medical evidence of record." *Id.* at 52.

The plaintiff complains that the affidavits of Julian White, Harold Logan and Dwight McIntosh improperly were given short-shrift by the administrative law judge. Statement of Errors at 2. White averred, "Prior to December 31, 1993, I can state from personal knowledge that I observed the extreme difficulties [the plaintiff] had in the use of his hands, and I was also aware of the fatigue and tiredness that he experienced as a result of his diabetes." Record at 309. Logan

averred, "I can state that by December of 1993, while [the plaintiff] could do things for a short period of time, he was tired very often, had a lack of interest in most of the activities we had formerly enjoyed, and certainly, he was not able to carry on sustained activity." *Id.* at 311. McIntosh averred, "As the years have passed, I have watched [the plaintiff] slowly go down hill due to his diabetes and other health complications. I can fairly say that prior to December 31, 1993, I had observed the problems [the plaintiff] had using his hands and was well aware of his decrease in strength and stamina." *Id.* at 308.

The plaintiff posits that "[t]he ALJ's rejection [of these affidavits] can only be supported if there is no evidence in the record, in the treatment notes of Dr. Levy, indicating that any time prior to December 31, 1993, the Plaintiff had symptoms of fatigue." Statement of Errors at 3. He cites no authority for this proposition, and my research reveals none. Indeed, far from stating or implying that there are circumstances under which lay evidence must be credited, the relevant language of SSR 83–20 circumscribes its use. Within those limitations, SSR 83–20 leaves administrative law judges free to resolve conflicts between lay and other evidence. *See, e.g., Grebenick v. Chater,* 121 F.3d 1193, 1199–1200 (8th Cir.1997) (noting that, in applying SSR 83–20, "the ALJ's credibility determination of the lay witnesses becomes critical, because the ALJ is, of course, free to believe or disbelieve any or all of the lay witnesses.") (citations omitted); *see also, e.g., Rodriguez,* 647 F.2d at 222 ("The Secretary may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ulti-mate question of disability is for him, not for the doctors or for the courts.").

The plaintiff points to two contemporaneous notes that in his view are consistent with the observations of the affiants: (i) a May 20, 1993, note reflecting that his daughter phoned to report that he was depressed and had experienced weight loss and muscle loss and (ii) a September 15, 1993, note reflecting that "symptoms of fatigue and seeming aspects of depression" were discussed with him. Statement of Errors at 3; *see also* Record at 169. He also observes that James N. Riley, D.O., who took over his care from Dr. Levy, concluded upon review of Dr. Levy's records that as of the plaintiff's date last insured he "did have uncontrolled diabetes, and he was noted at one point to have some significant muscle wasting." Statement of Errors at 3; *see also* Record at 303.

■ However, as noted by the administrative law judge, Record at 19–20, there is substantial conflicting evidence of record indicating that the plaintiff's condition as of his date last insured was not as severe as suggested by the affiants, *see, e.g., id.* at 167 (office note of October 12, 1993 stating that plaintiff was trying to walk daily, was self-employed as coin dealer, did not follow anything resembling a diabetic diet), 168 (office note of August 31, 1993 stating that plaintiff reported no headaches, fatigues, paresthesias or pareses); *see also, e.g., id.* at 153–54 (assessments by non-examining consultants James H. Hall, M.D., and Lawrence P. Johnson, M.D., that prior to the plaintiff's date last insured there was no significant physical impairment).[2] The administrative law judge accordingly committed no reversible error in choosing not to credit the statements of the affiants.

---

2. In addition, as counsel for the plaintiff acknowledged at oral argument, Dr. Riley was not able to make an unequivocal statement concerning the plaintiff's condition as of his date last insured. *See* Record at 304.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*