**Jose M. PEREZ PADILLA, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**No. CIV.02–2243(DRD–JAC).**

United States District Court, D. Puerto Rico.

Sept. 25, 2003.

Salvador Medina De la Cruz, Río Piedras, PR, for Plaintiff.

Camille L. Vélez Rivé, AUSA, Torre Chardón, San Juan, PR, for Defendant.

**OPINION AND ORDER**

CASTELLANOS, United States Magistrate Judge.

The above-captioned plaintiff seeks judicial review of the final decision of the Commissioner of Social Security (the Commissioner) denying his application for a period of disability and ensuing benefits. Social Security Act, 42 U.S.C. § 405(g).

The application for disability insurance benefits was denied after an administrative hearing was held on June 8, 2001, to consider the closed period of disability, from September 18, 1998, through February 24, 2000. Claimant underwent a surgical intervention to his hand due to carpal tunnel syndrome. Plaintiff waived being present or testifying at said hearing. The Administrative Law Judge (ALJ)issued an opinion that was adopted by the Commissioner denying plaintiff's claim.

The ALJ's opinion indicates claimant is a fifty year old individual, with high

school education and previous experience as a printing machine operator. He has claimed inability to work due to bilateral carpal tunnel syndrome, migraine, and a mental impairment. His right hand underwent surgery in January of 1999 without serious complications, no swelling, or atrophy. After some physical therapy through the State Insurance Fund, the range of motion of the hand improved considerably. In regards to allegations of a mental condition, the ALJ stated the record does not show continuous treatment for any mental condition. A consultative evaluation found claimant in no acute distress, with appropriate affect, oriented, and adequate memory, attention and concentration. Thus, the ALJ concluded, after an analysis of pertinent factors, that claimant retained the residual functional capacity for medium type of work. Although some credibility was afforded to complaints of pain, it was not to the extent alleged. Further considering that claimant was able to interact adequately with others, without limitation as to his daily activities, and no aggressive treatment for the degree of pain claimed thereafter, limitations were solely as to that kind of work that would require frequent bilateral handling and manipulating. Using the Medical Vocational Rule, and having found significant jobs existed in the national economy within the medium and light level of exertion, in consideration of his age as a young individual and his education, claimant was found not disabled. This Magistrate Judge reiterates herein that the ALJ's credibility determination "is entitled to deference, especially when supported by specific findings." *Frustaglia v. Secretary of Health and Human Services*, 829 F.2d 192, 195 (1st Cir.1987).

An examination of the medical evidence shows the patient being described as alert, active, oriented in time, place, and person. He underwent hand surgery for right carpal tunnel syndrome in January of 1999 and had complaints of numbness. Post–surgery there are complaints of pain in the right hand and physical therapy was required. In April of 1999, the patient had no edema, erythema, or deformity in the right palmar area but had moderate discomfort to deep palpation in the edge of the right hand scar. He had no limitation in the right wrist at flexion or extension and had intact sensation. He received paraffin treatment and acupuncture. The medical notes dated May of 1999 stated the patient had recovered satisfactorily from his condition and was to continue with active exercise. There is medical evidence that he also suffered from esophagitis and hiatal hernia.

A psychiatric evaluation report appears dated November 27, 2000, mostly showing complaints for sleep problems. He is able to use transportation, talk on the telephone, watch television, listen to the radio, and talk with friends. He could initiate, communicate, and participate in group activities. His relations with friends and family were good. The patient is described as a well developed and nourished individual, casually dressed, who was cooperative during the interview. His affect was adequate and his mood relaxed, though he is described as having adequate flow and being coherent and relevant. Attention and concentration were also adequate, as well as his memory and judgment. The diagnosis was of insomnia.

There is a separate psychodiagnostic evaluation by the West Behavioral Health Center with complaints of sleep difficulties. It makes reference to sad and anxious mood. The patient was alert and oriented. His attention and concentration are diminished but judgment and insight were good and adequate, respectively.

■ Courts are not to re-weight the evidence or substitute its judgment for that of the Commissioner when the record before the administrative agency has been comprehensive and thorough. *Colón v. Secretary of Health & Human Serv.*, 877 F.2d 148 (1st Cir.1989). The issue to be considered by the Court in this kind of cases is whether the decision of the ALJ is supported by substantial evidence, which has been defined as "more than a mere scintilla" and "such as a reasonable mind might accept as adequate to support a conclusion". *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

■ Judicial review of social security claims is limited to determining whether the ALJ used proper legal standards and found facts upon the proper quantum of evidence. *Ward v. Commissioner*, 211 F.3d 652, 655 (1st Cir.2000). The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir.2001). *See Rodriguez v. Secretary of Health and Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

■ In the instant case, the ALJ have rejected the credibility of claimant's statements concerning the limiting effects of pain and other symptoms. *Avery v. Secretary of Health & Human Servs.*, 797 F.2d 19 (1st Cir.1986). *See Irlanda Ortiz v. Secretary of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir.1991) (*per curiam*) (explaining that it is the responsibility of the Secretary to determine issues of credibility). *See also* 20 C.F.R. §§ 404.1529 (explaining how the Secretary evaluates pain). *Avery* has been construed to mean that "complaints of pain need not be precisely corroborated by objective findings, but they must be consistent with medical findings." *Dupuis v. Secretary of Health and Human Services*, 869 F.2d 622, 623 (1st Cir.1989). " '[I]f an impairment is reasonably expected to produce some pain, allegations of [disabling] pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.' " *Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir.1991) (emphasis in original; citation omitted). The ALJ properly considered subjective complaints of pain and reached a decision that is supported by substantial evidence in the record as a whole.

Upon an examination of the record succinctly discussed above, this Magistrate Judge finds that the decision of the Commissioner is supported by substantial evidence and is to BE AFFIRMED.

Judgment to be entered accordingly.

IT IS SO ORDERED.